Civil Case No. 4:24-cv-295-O

Bankruptcy Case No. 22-42980-mxm11

Adversary Case No. 23-04018-mxm

Appellant – Mele L. Vaituulala

Appellee – N and K Properties, LLC

**Vol. 1 - Mini Record**

BTXN 101 (rev. 10/02)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Mele L Vaituulala | § | |
| | § | Case No.:   22–42980–mxm11 |
| Debtor(s) | § | Chapter No.:   11 |
| | § | |
| Mele L Vaituulala | § | |
| Appellant(s) | § | Adversary No.:   23–04018–mxm |
| vs. | § | |
| N and K Properties, LLC | § | Civil Action No.:      4:24–cv–295–O |
| Appellee(s) | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## INDEX OF RECORD FOR THE PURPOSE OF APPEAL

| Page No. | Item Description |
|---|---|
| 1 | Notice of Appeal |
| 23 | Appealed Order – Final Judgment |
| 25 | Findings of Fact and Conclusions of Law |
| 42 | Adversary Case Docket Sheet |
| 49 | Main Bankruptcy Case Docket Sheet |

DATED:  5/6/24

FOR THE COURT:
Kevin Barlett McNatt, Clerk of Court

by: /s/Jeanette Almaraz, Deputy Clerk

Charles Chesnutt
9716 Edgepine Drive
Dallas TX 75238

COUNSEL FOR MELE VIATUULALA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

IN RE:                              CASE NO. 22-42980

      MELE L. VIATUULALA

DEBTOR

---

MELE L. VIATUULALA                  ADV. NO. 23-04018
      Plaintiff

Verses

N and K PROPERITES LLC
      Defendant

## SECOND AMENDED DESIGNATION OF RECORD
## And ISSUES OF APPEAL

TO THE HONORABLE MARK X. MULLIN

The undersigned Appellant intends to use the following in her appeal:


1. Final Judgment (#51)

2. Findings of Fact (#50)

3. Notice of Appeal (#54)

4. Transcript of Mele Viatuulala

5. Transcript of Al Viatuulala

6. Deed (#47)

7. Deed of Trust (#47)

The undersigned intents to raise the following of appeal:

Whether the court erred in finding that the homestead was sold.

Respectfully submitted by,

Charles R. Chesnutt

Charles R. Chesnutt, P.C.
9716 Edgepine Drive
Dallas Texas 75238

972.248.7000
crc@chapter7-11.com

## Certificate of Service

I certify that as of the day of filing, the opposing party and all interested parties received copies of this pleading.

Charles Chesnutt

CHARLES R. CHESNUTT, P.C.
9716 Edgepine Drive
Dallas TX 75287

COUNSEL FOR MELE VIATUULALA

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE:                                      CASE NO. 22-42980

    MELE L. VIATUULALA

DEBTOR

_____

MELE L. VIATUULALA                          ADV. NO. 23-04018
    Plaintiff

    vs

N AND K PROPERTIES LLC
    Defendant

_____

## NOTICE OF APPEAL

### TO THE HONORABLE MARK X. MULLIN

Mele L. Viatuulala, the Plaintiff herein, appeals under 28 USC §158(a) and (b)

from the *Final judgment* and *Findings of Fact and Conclusions of Law* of the Honorable

Mark X. Mullin, Bankruptcy Judge signed March 19, 2024.

The names of all parties to the judgment appealed from and the names, addresses,

and telephone numbers of their respective attorneys are as follows:

1

The Appellant:

    1. Name of Appellant: Mele Viatuulala

    2. Position of Appellant in Adversary: Plaintiff

The Appellee:

    1. N and K Properties LLC

    2. Position of Appellee: Defendant

Mrs. Mele L. Viatuulala represented by:

    Charles R. Chesnutt
    9716 Edgepine
    Dallas TX75204

    crc@chapter7-11.com
    pleadings@chapter7-11.com

    972.248.7000

N and K Properties LLC represented by:

    Clayton Everett
    515 E. Border Street
    Arlington TX 76101

    clayton@norridlaw.com
    817.704.3984


Respectfully submitted by,

s/  Charles R. Chesnutt

CHARLES R. CHESNUTT, P.C.
9716 Edgepine Drive
Dallas TX 75238    Texas Bar 04186800

_____

972.248.7000
972.559.1872 (fax)
crc@chapter7-11.com

COUNSEL FOR MELE VIATUULALA

000002

**Certificate of Service**

The undersigned hereby certifies that on Friday, March 29, 2024 he caused a copy of the above and foregoing to be served on all those requesting service.

s/ Charles R. Chesnutt

000003



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 19, 2024**

_Mark X. Mullin_

**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELE L. VAITUULALA | § | CASE NO. 22-42980-MXM11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| MELE L. VAITUULALA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADV. NO. 23-04018 |
| | § | |
| N AND K PROPERTIES, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

### FINAL JUDGMENT
[*Relates to Adv. ECF No. 1, 50*]

Pursuant to the Court's *Findings of Fact and Conclusions of Law*[1] entered on this date,

the Court enters this Final Judgment.

---

[1] Adv. ECF No. 50.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that each of Plaintiff's counts against Defendant in the Complaint[2] are hereby **DENIED** and **DISMISSED**, with prejudice; and it is further

**ORDERED** that each of Defendant's affirmative defenses in the Answer[3] are **DENIED** as **MOOT**; and it is further

**ORDERED** that each of Defendant's counterclaims against Debtor in the Answer are **DENIED** as **MOOT**.

This Final Judgment disposes of the entire Adversary Proceeding and is final and immediately appealable.

### ### END OF FINAL JUDGMENT ###

---

[2] *Complaint to Determine Validity and Extent of a Lien*, Adv. ECF No. 1 (the "***Complaint***").
[3] *Defendant's Answer to the Complaint to Determine the Validity and Extent of a Lien & Counterclaims*, Adv. ECF No. 17 (the "***Answer***").





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed March 19, 2024**

*[signature: Mark X. Mullin]*

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELE L. VAITUULALA | § | CASE NO. 22-42980-MXM11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| MELE L. VAITUULALA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADV. NO. 23-04018 |
| | § | |
| N AND K PROPERTIES, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

*[Relates to Adv. ECF No. 1]*

The Court conducted a trial on the *Complaint to Determine Validity and Extent of a Lien*[1]

(the "***Complaint***") filed by Mele L. Vaituulala (the "***Debtor***").

---

[1] Adv. ECF No. 1.

000006

The Court reviewed and carefully considered the Complaint, the Answer[2] filed by N and K Properties, LLC (the "***Defendant***"), the Stipulated Facts in the Amended Joint Pre-Trial Order,[3] the testimony of witnesses, the exhibits admitted into evidence, the arguments of counsel, the post-trial briefs filed by the parties, and relevant case law. This Findings of Fact and Conclusions of Law constitutes the Court's findings and conclusions required by Federal Rule of Civil Procedure 52, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052.[4]

## I.      JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing order of reference in this district. This adversary proceeding constitutes a core proceeding over which the Court has statutory and constitutional authority to enter a final order or judgment. Even if this Court would not otherwise have jurisdiction or authority to enter a final judgment, the Court finds that the parties have consented to the Court's issuance of a final judgment in this proceeding. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II.      BACKGROUND FACTS

Debtor and her husband, Mr. Al Vaituulala, Sr. ("***Husband***") (together, the "***Vaituulalas***") owned the house located at 2005 Stacey Court, Arlington, TX ("***Stacey Court Home***"). The Vaituulalas lived at the Stacey Court Home together for approximately 40 years until Husband passed away in December 2022. Debtor contends that the Stacey Court Home "is and was her

---

[2] *Defendant's Answer to the Complaint to Determine the Validity and Extent of a Lien & Counterclaims*, Adv. ECF No. 17 (the "***Answer***").
[3] ECF No. 33.
[4] Any findings of fact that should more appropriately be characterized as a conclusion of law should be regarded as such, and *vice versa*.

000007

homestead" and that "she was the rightful owner of the [Stacey Court Home] at the commencement of this case."[5]

The Vaituulalas' son, Mr. Alifeleti Kaumana Vaituulala, Jr. ("**Al, Jr.**"), is a California investor and was the owner of AK Builders and Coatings, Inc., a California corporation ("**AK Builders**"). In the fall of 2019, AK Builders was experiencing financial difficulties and needed to borrow funds. Therefore, Al, Jr.—on behalf of AK Builders—approached Defendant requesting to borrow $125,000. Before agreeing to fund a loan, however, Defendant required AK Builders to execute a note and secure the note with collateral acceptable to Defendant. Not wanting to offer any of his own personal assets as collateral to secure the loan, Al, Jr. devised a scheme to use his parents' Stacey Court Home as collateral to secure AK Builder's loan from Defendant.

**A.     The transaction between the Vaituulalas and AK Builders—as evidenced by the Deed with Vendor's Lien**

To enable AK Builders to use the Stacey Court Home as collateral for its loan from Defendant, Al, Jr. encouraged his elderly parents to execute a *General Warranty Deed with Vendor's Lien* (the "**Deed with Vendor's Lien**")[6] to convey their Stacey Court Home to AK Builders. This conveyance would then allow AK Builders to use the Stacey Court Home as collateral for the $125,000 loan from Defendant. In support of their son's request, the Vaituulalas executed the Deed with Vendor's Lien on October 28, 2019.

General warranty deeds with vendors' liens are common and enforceable in Texas to document a purchase money security interest transaction. This particular Deed with Vendor's Lien, however, is a bit unusual as it purports to do the following:

---

[5] Complaint, ECF No. 1, pg. 2 ¶ 1.
[6] Pl. Ex. 2 at pg. 1; D. Ex. 1 at pg. 1.

000008

- The Vaituulalas agreed to "GRANT, SELL and CONVEY all of their interest to [AK Builders] in the [Stacey Court Home] . . . ."[7]

- The consideration paid by AK Builders for the conveyance of the Stacey Court Home was "Ten Dollars ($10.00) and a note of even date executed by [AK Builders] and payable to the order of [Defendant] in the principal amount of One Hundred Twenty-Five Thousand Dollars ($125,000). This note is secured by a first and superior Vendor's Lien and Superior Title retained in this deed in favor of [the Vaituulalas] *and transferred to [Defendant]* by a first-lien deed of trust of even date from [AK Builders] to [Trustee]."[8]

- The Deed with Vendor's Lien provided further that "it is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the [Stacey Court Home], is retained against the [Stacey Court Home] until the above described [$125,000 Note] and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute."[9]

Consequently, under the terms of the Deed with Vendor's Lien, the Vaituulalas purportedly received consideration of $10 for the conveyance of the Stacey Court Home to AK Builders. AK Builders, on the other hand, received title to the Stacey Court Home and the $125,000 loan proceeds from Defendant.[10] Additionally, the Vendor's Lien retained by the Vaituulalas in the Deed with Vendor's Lien was transferred by the Vaituulalas to Defendant to secure the $125,000 Note executed by AK Builders in favor of the Defendant.

The Deed with Vendor's Lien transaction was further evidenced by a *Settlement Statement*[11] executed by the Vaituulalas and Al, Jr. (on behalf of AK Builders). The Settlement Statement also referenced the $125,000 loan provided by Defendant to AK Builders.

The Deed with Vendor's Lien was then recorded in the official real property records of Tarrant County, Texas, on November 4, 2019.

---

[7] *Id.*
[8] *Id.* (emphasis added)
[9] Pl. Ex. 2 at pg. 2; D. Ex. 1 at pg. 2.
[10] There is no evidence in the record to explain or disclose what AK Builders did with the $125,000 loan proceeds, other than it went into a bank account owned by AK Builders.
[11] D. Ex. 11.

4

Based on the credible evidence and specifically the testimony of Debtor, the Court finds that Debtor had very limited or no understanding of the consequences resulting from her execution of the Deed with Vendor's Lien—she was simply complying with the instructions from Husband and Al, Jr.

**B.** **The loan transaction between AK Builders and Defendant—as evidenced by the $125,000 Note and Deed of Trust**

If furtherance of Al, Jr.'s scheme to obtain the loan from Defendant, also on October 28, 2019, AK Builders and Defendant then entered in the following loan transaction:

- Al, Jr., on behalf of AK Builders, executed the $125,000 Note[12] made payable to Defendant;

- Al, Jr., on behalf of AK Builders, also executed the Deed of Trust[13] granting Defendant a lien in the Stacey Court Home (also referenced in the Deed with Vendor's Lien); and

- Defendant funded the $125,000 Note to AK Builders.[14]

The Deed of Trust was subsequently recorded in the official real property records of Tarrant County, Texas, on December 18, 2019.

The $125,000 Note obligation incurred by AK Builders is troubling for two independent reasons. First, the $125,000 Note had a three-month term with a balloon payment of $155,000, due January 28, 2020—which equates to an interest rate of just under ***140%***.

Second, even more concerning, AK Builders entered into (i) the Deed with Vendor's Lien transaction with Al, Jr's parents; and then (ii) the $125,000 Note and Deed of Trust transaction with the Defendant ***while AK Builders was a Debtor-In-Possession in its own Chapter 11***

---

[12] D. Ex. 2.
[13] *Deed of Trust* (the "***Deed of Trust***"), Pl. Ex. 4; *see also* D. Ex. 3.
[14] The Court takes judicial notice of the *Monthly Operating Report for Small Business Under Chapter 11* filed in the AK Builders California Bankruptcy Case (defined *infra*) at [Cal. ECF No. 40] (reflecting the net loan proceeds deposit into AK Builders bank account).

000010

*bankruptcy case* pending in the Eastern District of California.[15] As detailed more fully below, the record established that neither of these transactions were ever disclosed or approved by the bankruptcy court in the AK Builders California Bankruptcy Case.

## C.    The AK Builders California Bankruptcy Case

On July 29, 2019—three months *prior* to entering into (i) the Deed with Vendor's Lien transaction, and (ii) the $125,000 Note and Deed of Trust transactions—AK Builders filed a *Voluntary Petition for Non-Individuals Filing for Bankruptcy*[16] seeking relief under Chapter 11 of Title 11 of the United States Code. The petition was signed by Al, Jr. on behalf of AK Builders. There is no evidence in the record to establish or suggest that AK Builders sought or obtained Bankruptcy Court approval prior to entering into either (i) the Deed with Vendor's Lien transaction with the Vaituulalas, or (ii) the $125,000 Note and Deed of Trust transaction with Defendant.[17]

Additionally, based on the credible evidence at trial, the Court finds and concludes that neither Debtor nor Defendant had any notice or knowledge that AK Builders was a debtor-in-possession in its own Chapter 11 bankruptcy case when they entered into the above transactions with AK Builders. The Court further finds and concludes that Al, Jr.'s failure to disclose AK Builders' bankruptcy was purposeful to implement his scheme to use the Vaituulalas' home to obtain the $125,000 loan from Defendant.

---

[15] *In re AK Builders and Coatings, Inc*., Case No. 19-24759 filed in the United States Bankruptcy Court Eastern District of California (the "*AK Builders California Bankruptcy Case*").

[16] *Id.* at [Cal. ECF No. 1].

[17] The Court has taken judicial notice of the AK Builders California Bankruptcy Case docket sheet, and there is no entry on the docket to indicate or suggest that AK Builders filed a motion or obtained bankruptcy court approval to enter into either the Deed with Vendor's Lien transaction or the $125,000 Note and Deed of Trust transaction. The Court also listened to the hearings conducted in the AK Builders' California Bankruptcy Case on September 10, 2019 [Cal. ECF No. 26], October 22, 2019 [Cal. ECF No. 37], October 22, 2019 [Cal. ECF No. 37], December 4, 2019 [Cal. ECF No. 46], and February 19, 2020 [Cal. ECF No. 76]. Not one time did counsel for AK Builders inform the California Bankruptcy Court that AK Builders entered into the transactions with the Vaituulalas or with Defendant.

**D.     AK Builders fails to pay the $125,000 Note**

While still in its Chapter 11 bankruptcy case, AK Builders failed to pay the $125,000 Note

owing to Defendant by its January 28, 2020, due date, causing the $125,000 Note to go into default.

Because the $125,000 Note was in default and accelerated under its own terms, Defendant filed a

*Notice of Foreclosure Sale*[18] with the County Clerk of Tarrant County, Texas, scheduling the

Stacey Court Home for an April 7, 2020, foreclosure sale.

On April 7, 2020, Defendant then conducted the scheduled foreclosure sale, at which the

Defendant's credit bid of $135,000 was accepted by the Substitute Trustee under the Deed of Trust

as the highest bid at the scheduled foreclosure sale. The Substitute Trustee thereafter executed and

then filed the *Substitute Trustee's Deed*[19] in the real property records of Tarrant County, Texas,

conveying the Stacey Court Home to Defendant.

Again, the credible evidence suggests that (i) AK Builders failed to disclose any of these

transactions in its pending California Chapter 11 bankruptcy case; and (ii) the Defendant had no

notice and was not aware that AK Builders was a debtor-in-possession when Defendant scheduled

and conducted the foreclosure sale of the Stacey Court Home.

On July 16, 2020—several months after the Stacey Court Home was conveyed to

Defendant by the Substitute Trustee's Deed—AK Builders' Chapter 11 California Bankruptcy

Case was converted to a case under Chapter 7 of the Bankruptcy Code.

It was not until November 26, 2020—more than sixteen months after AK Builders filed its

California Chapter 11 bankruptcy case and more than four months after its Chapter 11 case was

converted to Chapter 7—that AK Builders filed an Amended Schedule A/B and Schedule D,[20]

---

[18] D. Ex. 5.
[19] D. Ex. 6.
[20] D. Ex. 4.

000012

thus disclosing for the first time in the AK California Bankruptcy Case that AK Builders allegedly

owned the Stacey Court Home and that Defendant was a creditor of AK Builders.

**E.      Following the Foreclosure of the Stacey Court Home, Defendant and Al, Jr., on behalf of AK Builders, enter into a Residential Lease Agreement for the Stacey Court Home**

Following Defendant's acquisition of the Stacey Court Home at foreclosure and while AK

Builders was still a Chapter 11 debtor-in-possession, Defendant and Al, Jr., on behalf of AK

Builders, entered into a *Residential Lease Agreement*[21] on April 27, 2020. Again, there is no record

in the AK Builders California Bankruptcy Case that AK Builders obtained bankruptcy court

approval to enter into the lease.

The Residential Lease Agreement provided, in part:

> 5. **USE OF PREMISES**. The Premises shall be used and occupied solely by Tenant and Tenant's immediate family, consisting of AK Builders (AL Vaituulala), exclusively, as a private single family dwelling. . . .[22]

Tenant is defined in the lease as "Al Vaituulala for AK Builders and Coatings (hereinafter

referred to as 'Tenant.'"[23]

Al, Jr. testified that he did not execute or authorize an electronic version of his signature to

be placed on the Residential Lease Agreement. The Court found Al, Jr.'s testimony—that he did

not execute or enter into the Residential Lease Agreement on behalf of AK Builders—not credible.

On the other hand, the Court found the testimony of Mr. Narinder Bains—the representative of

Defendant—to be credible on this issue. Additionally, Mr. Bains's testimony was corroborated by

(i) two rent checks in the amount of $2,100[24]—the rent due under the Residential Lease

Agreement—signed by Al, Jr. on behalf of AK Builders and made payable to Mr. Subodh

---

[21] D. Ex. 7.
[22] D. Ex. 7 at pg. 2 (parenthetical in original).
[23] D. Ex. 7 at pg. 1.
[24] D. Ex. 8.

000013

Banerjee, the property manager for Defendant; (ii) the two rent checks were also reflected in the May 2020[25] and June 2020[26] Monthly Operating Reports signed by Al, Jr. and filed in the AK Builders California Bankruptcy Case (but the purpose of the checks was not disclosed); and (iii) real property tax payments[27] for the Stacey Court Home were made on behalf of Defendant after it acquired the Stacey Court Home at the foreclosure sale.

The Residential Lease Agreement terminated under its terms, but the Vaituulalas failed to vacate the Stacey Court Home. Therefore, on or about November 21, 2022, Defendant initiated a Texas state court eviction proceeding seeking to evict the Vaituulalas from the Stacey Court Home. To prevent the trial in the eviction proceeding from going forward, Debtor filed her underlying bankruptcy case and then the Complaint initiating this Adversary Proceeding.

## F. Debtor ultimately vacated the Stacey Court Home and moved to Hawaii to live with her daughter

Debtor testified that, after Husband passed in December 2022, she was afraid to live alone in the Stacey Court Home and could not take care of herself. Therefore, she moved to Hawaii to live with her daughter. She testified further that she had no intention of returning to live alone in the Stacey Court Home.

## III.     ANALYSIS

Debtor filed her Complaint against Defendant contending:

> i.     The Stacey Court Home is her homestead, and it was encumbered by Defendant without her knowledge;[28] and

---

[25] Cal. ECF No. 142 at pg. 10.
[26] Cal. ECF No. 143 at pg. 9.
[27] D. Ex. 12.
[28] Amended Joint Pre-Trial Order, Adv. ECF No. 33, pg. 1.

000014

ii.   The transfer of the Stacey Court Home to AK Builders was a "pretended sale" and
      is void under Texas Constitution Article XVI § 50(c). Consequently, AK Builders'
      subsequent transactions with Defendant, including the foreclosure sale of the
      Stacey Court Home, are void.[29]

Defendant denies Debtor's claims on the merits and asserts the following affirmative
defenses:

- *Estoppel*—Defendant contends Debtor "is estopped from contending that the [Deed
  with Vendor's Lien] she signed and had notarized has no legal effect because she
  intended for the transaction to be a sham."[30]

- *Bona Fide Third-Party Lender Without Notice*—Defendant contends that it "was a
  bona fide lender that acquired its interest in the property in good faith, for value,
  and without notice of the claim or interest of the Vaituulalas."[31]

- *Equitable and Contractual Subrogation*—Defendant contends it is entitled to
  equitable and contractual subrogation for the funds it loaned and for its payment of
  property taxes and other costs incurred relating to the Stacey Court Home.[32]

- *Laches*—Defendant contends that, "[b]ecause [Defendant] has changed its position
  and because [Debtor] delayed asserting her claims until approximately three years
  since transferring the property, [Defendant] is entitled to the defense of laches."[33]

---

[29] Complaint, Adv. ECF No. 1, pg. 6 ¶ 30(a).
[30] Answer, Adv. ECF No. 17, pg. 3 ¶ 34.
[31] Answer, Adv. ECF No. 17, pg. 4 ¶ 42.
[32] Answer, Adv. ECF No. 17, pg. 5 ¶ 44.
[33] Answer, Adv. ECF No. 17, pg. 6 ¶ 51.

000015

Defendant also asserts counterclaims against Debtor "for fraud, misrepresentation, fraud by nondisclosure, negligent misrepresentation, conspiracy to commit fraud, and aiding and abetting AK Builders to fraudulently induce [Defendant] to make a loan to AK Builders."[34]

The Court will address each parties' claims, in turn.

## A. Debtor's Claims

### 1. *Debtor contends that the Stacey Court Home is her Homestead*

Debtor first contends that the Stacey Court Home was and is her homestead. It is well accepted that Texas law provides extremely broad protection for homesteads through the Texas Constitution and the Texas Property Code.[35]

The initial burden of proof falls on Debtor to "establish the character of the claimed property by showing a combination of both (1) overt acts of homestead usage, and (2) an intention to claim the property as a homestead."[36] This initial burden is typically a low hurdle, and, in the usual case, mere evidence of "overt acts of homestead usage" in the form of possession and usage of the property as a homestead is sufficient.[37] As more fully detailed above, Debtor satisfied this "low hurdle" by establishing that she and her Husband lived in the Stacey Court Home for many decades as their homestead prior to executing the Deed and Vendor's Lien on October 28, 2019.

Because Debtor has made a *prima facie* case in favor of homestead status, Defendant now "has the burden of demonstrating that [Debtor's] homestead rights have been terminated."[38]

---

[34] Answer, Adv. ECF No. 17, pg. 6 ¶ 52.

[35] *See* Tex. Const. art. XVI, § 50; Tex. Property Code Ann. § 41.001; *see also Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992). Statutes relating to homestead rights are to be liberally construed. *See Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 634–35 (Tex. 1987). "The Texas Constitution has long protected homeowners against the forced sale of their homesteads." *Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d 802, 809 (Tex. App. 2018).

[36] *In re Brei*, 599 B.R. 880, 892–93 (Bankr. N.D. Tex. 2019).

[37] *Bradley v. Pac. S.W. Bank, FSB (In re Bradley)*, 960 F.2d 502, 507 (5th Cir. 1992) (internal citations and quotations omitted); *see also In re Comu*, 542 B.R. 371, 384 (Bankr. N.D. Tex. 2015).

[38] *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 311 (5th Cir. 2003); *see also* FED. R. BANKR. P. 4003(c).

000016

Texas law provides that homestead rights "may be lost only through death, *abandonment* or *alienation*."[39] Consequently, the Court must determine if the Vaituulalas lost their homestead rights in the Stacey Court Home through abandonment or alienation when they entered into the transaction with AK Builders and executed the Deed with Vendor's lien.

Courts often fail to distinguish between abandonment and alienation as separate means of losing or extinguishing homestead rights in Texas.[40] "Abandonment requires cessation or discontinuance of the use of the property coupled with intent to abandon permanently the homestead. . . . Homestead status may be lost through alienation when the title to the property is transferred or conveyed to another, regardless of whether the grantor retains possession of the property."[41]

### a. Debtor Alienated her Homestead rights in the Stacey Court Home

Defendant argues that the Vaituulalas lost and extinguished their homestead rights in the Stacey Court Home by alienation when they conveyed it to AK Builders in the Deed with Vendor's Lien. Debtor responds contending that (i) she never intended to alienate her homestead rights when she executed the Deed with Vendor's Lien, and (ii) the Deed with Vendor's Lien constitutes a "pretended sale" and is void under the Texas Constitution[42] (addressed *infra*).

Subject to the Debtor's "pretended sale" argument (addressed *infra*), the Court finds and concludes that, up until the Vaituulalas executed the Deed with Vendor's Lien, the Stacey Court Home was, in fact, their homestead under Texas law. But, when the Vaituulalas conveyed the

---

[39] *Perry v. Dearing (In re Perry)*, 345 F.3d at 310 (emphasis added); *see also Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d at 809 (quoting *In re Perry*, 345 F.3d 303, 310 (5th Cir. 2003)); *see also In re Comu*, 542 B.R. at 385. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 160 (Tex. 2015)

[40] *Perry v. Dearing (In re Perry)*, 345 F.3d at 310, n. 8.

[41] *Id.* (internal citations omitted); *see also* Black's Law Dictionary (11th ed. 2019) (defines alienation as "[c]onveyance or transfer of property to another.").

[42] Tex. Const. art. XVI, § 50(c).

000017

Stacey Court Home to AK Builders, the Stacey Court Home lost its homestead character, even though the Vaituulalas continued to occupy the property after the conveyance to AK Builders.[43]

Under the clear and unambiguous terms of the Deed with Vendor's Lien, title to the Stacey Court Home vested in AK Builders as of October 28, 2019. Debtor's testimony that she did not understand the consequences of her voluntary decision to execute the Deed with Vendor's Lien is unavailing.

The Court finds and concludes that Debtor voluntarily alienated her homestead rights in the Stacey Court Home by executing the Deed with Vendor's Lien and conveying the property to Al, Jr.'s company, AK Builders. Accordingly, Debtor's claim that she did not alienate her homestead rights in the Stacey Court Home is without merit and is ***DENIED***.

### b. Debtor Abandoned her Homestead rights in the Stacey Court Home

Because the Court finds and concludes that the Vaituulalas alienated their ownership and homestead rights in the Stacey Court Home as of October 28, 2019, by agreeing to the transaction with AK Builders and executing the Deed with Vendor's Lien, the Court need not find if, or when, Debtor "abandoned" her homestead rights in the Stacey Court Home. With that said, by her own testimony, to the extent the Debtor had a homestead right in the Stacey Court Home, she abandoned any such potential homestead right upon moving to Hawaii to live with her daughter with no intent to return to the Stacey Court Home.

---

[43] *Perry v. Dearing (In re Perry)*, 345 F.3d at 311; *see also Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d 802, 809 (Tex. App. 2018) ("[h]omeowners may lawfully convey their homestead to a corporation, even if they remain in the home after the sale, for purpose of obtaining a loan."); *Eckard v. Citizens Nat'l Bank in Abilene*, 588 S.W.2d 861, 862 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.) (homeowner could sell home to corporation so corporation could borrow money and put valid lien on property).

000018

Therefore, the Court finds and concludes that Debtor has abandoned whatever homestead right she may have had in the Stacey Court Home. Accordingly, Debtor's claim that the Stacey Court Home continues to constitute her homestead is ***DENIED***.

### 2. *Debtor contends that the Deed with Vendor's Lien is a void "Pretended Sale"*

Debtor next contends that the Deed with Vendor's Lien constitutes a void "pretended sale" under the Texas Constitution. The Texas Constitution provides that any sales deemed "pretended" also containing "any condition of defeasance" are void.[44]

"A 'pretended sale' is one in which the parties do not intend title to vest in the purchaser, but rather that title will be divested within a certain amount of time by paying the specified amount."[45] Therefore, to constitute a valid "pretended sale" under Texas law, the Debtor must establish (i) "a lack of intent to vest title"[46] and (ii) "the transfer involves a condition allowing the seller to reclaim title to the property after the loan is repaid[,]"[47] or said another way, the transfer must include "a condition of defeasance[.]"[48]

The party asserting a claim of "pretended sale" must provide credible evidence to satisfy both elements of the "pretended sale."[49] Based on the credible evidence in the record, the Court finds and concludes that Debtor failed to establish either element of a "pretended sale."

Although Debtor testified that she did not understand the consequences resulting from her execution of the Deed with Vendor's Lien, the Court finds that Debtor's testimony alone is insufficient to overcome the overwhelming evidence that suggests the Vaituulalas intended to

---

[44] Tex. Const. art. XVI, § 50(c); *see also State v. Forest Lawn Lot Owners Ass'n,* 152 Tex. 41, 48 (Tex. 1953).

[45] *Paull & Partners Inv.*, 558 S.W.3d at 810.

[46] *Paull & Partners Inv.*, 558 S.W.3d at 806.

[47] *Paull & Partners Inv.*, 558 S.W.3d at 810 and 813.

[48] *Paull & Partners Inv.*, 558 S.W.3d at 806.

[49] *Paull & Partners Inv.*, 558 S.W.3d at 810.

14

comply with Al, Jr.'s request by conveying the Stacey Court Home to AK Builders.[50] Additionally,

the overwhelming evidence established that (i) the Vaituulalas knew the conveyance of the Stacey

Court Home to AK Builders was being made so Al, Jr.'s business could obtain a loan from

Defendant; (ii) a title commitment was being issued by Chicago Title Insurance Company that AK

Builders was the fee simple owner of the Stacey Court Home under the Deed with Vendor's Lien;[51]

and (iii) the Vaituulalas voluntarily assigned the Vendor's Lien retained in the Deed with Vendor's

Lien to Defendant.[52]

Therefore, based on the credible evidence in the record, the Court finds and concludes that

Debtor failed to establish that she lacked the intent to vest title of the Stacey Court Home in AK

Builders when she executed the Deed with Vendor's Lien. Consequently, the Deed with Vendor's

Lien does not constitute a "pretended sale" rendered void by the Texas Constitution.

Even if Debtor was able to establish that she lacked the necessary intent to vest title of the

Stacey Court Home in AK Builders (to be clear, the Court does not so find), Debtor also failed to

establish that the Deed with Vendor's Lien was subject to a condition of defeasance. "A condition

of defeasance is a condition that permits the seller to reclaim title to the property after the [subject]

debt has been paid."[53]

Although the condition of defeasance need not be expressly stated in the conveyance

instrument itself, such a condition of defeasance must be implied or stated in a contemporaneous

document.[54] Other than Debtor's and Al, Jr.'s unpersuasive self-serving testimony, neither Debtor

---

[50] *Paull & Partners Inv.*, 558 S.W.3d at 811; *Adams v. First Nat'l Bank of Bells/Savory*, 154 S.W.3d 859, 870 (Tex. App.—Dallas 2005, no pet.) (a secret or undisclosed intent to convey title, or a subsequent change of intent, will not affect the validity of the conveyance).

[51] D. Ex. 10.

[52] D. Ex. 1.

[53] *Paull & Partners Inv.*, 558 S.W.3d at 813.

[54] *Paull & Partners Inv.*, 558 S.W.3d at 813; *see also Anglin v. Cisco Mortg. Loan Co.*, 135 Tex. 188, 141 S.W.2d 935, 941 (1940) (where express condition of defeasance not recited in the deed, "equity looks to all the circumstances preceding and attending the execution of the instrument[.]").

000020

nor Al, Jr. could point to any provision in the Deed with Vendor's Lien or any other contemporaneous document that expressly or impliedly provided for a condition of defeasance. Debtor could not point to any document that expressly or impliedly provided her with the right to compel AK Builders to convey the Stacey Court Home back to her once AK Builders satisfied the $125,000 Note to Defendant. Nor is there any credible evidence in the record to suggest that AK Builders made contemporaneous statements or put forth in any documents that AK Builders intended to reconvey the Stacey Court Home to the Vaituulalas once the $125,000 Note had been satisfied.

The only provision Debtor points to as a "condition of defeasance" is the retention by the Vaituulalas of the Vendor's Lien—of which they conveyed to Defendant. But a vendor's lien retained in a deed does not constitute a condition of defeasance.

Based on the credible evidence in the record, the Court finds and concludes that Debtor failed to establish that the Deed with Vendor's Lien was subject to a condition of defeasance. Consequently, the Deed with Vendor's Lien does not constitute a "pretended sale" rendered void by the Texas Constitution.

The Court finds and concludes that the transaction between the Vaituulalas and AK Builders evidenced by the Deed with Vendor's Lien does not constitute a "pretended sale" in violation of the Texas Constitution. Accordingly, Debtor's claim that the transfer of the Stacey Court Home to AK Builders was a "pretended sale" and is void under Texas Constitution Article XVI § 50(c) is without merit and is ***DENIED***.

000021

**B.      Defendant's Affirmative Defenses**

Because all of Debtor' claims against Defendant are denied on the merits, the Court need not address Defendant's affirmative defenses. Consequently, Defendant's affirmative defenses are **DENIED** as **MOOT**.

**C.      Defendant's Counterclaims**

Based on the credible evidence in the record, and as fully addressed *supra*, the Court finds and concludes that the Vaituulalas conveyed title of the Stacey Court Home to AK Builders by the Deed with Vendor's Lien. The Court further finds and concludes that the Vaituulalas assigned the Vendor's Lien they retained in the Deed with Vendor's Lien to the Defendant. Additionally, the Court finds and concludes that (i) the Deed of Trust secured the $125,000 Note made by AK Builders to Defendant; and (ii) the April 7, 2020, foreclosure sale conveyed title of the Stacey Court Home to the Defendant.

Based on these findings and conclusions, the Court further finds and concludes that Defendant's counterclaims are moot.

Therefore, Defendant's counterclaims against Debtor are **DENIED** as **MOOT**.

## IV.      CONCLUSION

Each of Debtor's claims against Defendant fail and are **DENIED**.

Each of Defendant's affirmative defenses are **DENIED** as **MOOT**.

Each of Defendant's counterclaims against Debtor are **DENIED** as **MOOT**.

Consequently, the Court will enter a separate final judgment consistent with these Findings of Fact and Conclusions of Law.

**### END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW ###**

000022





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 19, 2024**

*Mark X. Mullin*

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELE L. VAITUULALA | § | CASE NO. 22-42980-MXM11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| MELE L. VAITUULALA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADV. NO. 23-04018 |
| | § | |
| N AND K PROPERTIES, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

**FINAL JUDGMENT**
[*Relates to Adv. ECF No. 1, 50*]

Pursuant to the Court's *Findings of Fact and Conclusions of Law*[1] entered on this date,

the Court enters this Final Judgment.

---

[1] Adv. ECF No. 50.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that each of Plaintiff's counts against Defendant in the Complaint[2] are hereby **DENIED** and **DISMISSED**, with prejudice; and it is further

**ORDERED** that each of Defendant's affirmative defenses in the Answer[3] are **DENIED** as **MOOT**; and it is further

**ORDERED** that each of Defendant's counterclaims against Debtor in the Answer are **DENIED** as **MOOT**.

This Final Judgment disposes of the entire Adversary Proceeding and is final and immediately appealable.

### END OF FINAL JUDGMENT ###

---

[2] *Complaint to Determine Validity and Extent of a Lien*, Adv. ECF No. 1 (the "***Complaint***").

[3] *Defendant's Answer to the Complaint to Determine the Validity and Extent of a Lien & Counterclaims*, Adv. ECF No. 17 (the "***Answer***").





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 19, 2024**

_Mark X. Mullin_
**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELE L. VAITUULALA | § | CASE NO. 22-42980-MXM11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |
| MELE L. VAITUULALA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADV. NO. 23-04018 |
| | § | |
| N AND K PROPERTIES, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
[*Relates to Adv. ECF No. 1*]

The Court conducted a trial on the *Complaint to Determine Validity and Extent of a Lien*[1]

(the "***Complaint***") filed by Mele L. Vaituulala (the "***Debtor***").

---

[1] Adv. ECF No. 1.

1

000025

The Court reviewed and carefully considered the Complaint, the Answer[2] filed by N and K Properties, LLC (the "***Defendant***"), the Stipulated Facts in the Amended Joint Pre-Trial Order,[3] the testimony of witnesses, the exhibits admitted into evidence, the arguments of counsel, the post-trial briefs filed by the parties, and relevant case law. This Findings of Fact and Conclusions of Law constitutes the Court's findings and conclusions required by Federal Rule of Civil Procedure 52, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052.[4]

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing order of reference in this district. This adversary proceeding constitutes a core proceeding over which the Court has statutory and constitutional authority to enter a final order or judgment. Even if this Court would not otherwise have jurisdiction or authority to enter a final judgment, the Court finds that the parties have consented to the Court's issuance of a final judgment in this proceeding. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II.    BACKGROUND FACTS

Debtor and her husband, Mr. Al Vaituulala, Sr. ("***Husband***") (together, the "***Vaituulalas***") owned the house located at 2005 Stacey Court, Arlington, TX ("***Stacey Court Home***"). The Vaituulalas lived at the Stacey Court Home together for approximately 40 years until Husband passed away in December 2022. Debtor contends that the Stacey Court Home "is and was her

---

[2] *Defendant's Answer to the Complaint to Determine the Validity and Extent of a Lien & Counterclaims*, Adv. ECF No. 17 (the "***Answer***").
[3] ECF No. 33.
[4] Any findings of fact that should more appropriately be characterized as a conclusion of law should be regarded as such, and *vice versa*.

000026

homestead" and that "she was the rightful owner of the [Stacey Court Home] at the commencement of this case."[5]

The Vaituulalas' son, Mr. Alifeleti Kaumana Vaituulala, Jr. ("*Al, Jr.*"), is a California investor and was the owner of AK Builders and Coatings, Inc., a California corporation ("***AK Builders***"). In the fall of 2019, AK Builders was experiencing financial difficulties and needed to borrow funds. Therefore, Al, Jr.—on behalf of AK Builders—approached Defendant requesting to borrow $125,000. Before agreeing to fund a loan, however, Defendant required AK Builders to execute a note and secure the note with collateral acceptable to Defendant. Not wanting to offer any of his own personal assets as collateral to secure the loan, Al, Jr. devised a scheme to use his parents' Stacey Court Home as collateral to secure AK Builder's loan from Defendant.

## A.    The transaction between the Vaituulalas and AK Builders—as evidenced by the Deed with Vendor's Lien

To enable AK Builders to use the Stacey Court Home as collateral for its loan from Defendant, Al, Jr. encouraged his elderly parents to execute a *General Warranty Deed with Vendor's Lien* (the "***Deed with Vendor's Lien***")[6] to convey their Stacey Court Home to AK Builders. This conveyance would then allow AK Builders to use the Stacey Court Home as collateral for the $125,000 loan from Defendant. In support of their son's request, the Vaituulalas executed the Deed with Vendor's Lien on October 28, 2019.

General warranty deeds with vendors' liens are common and enforceable in Texas to document a purchase money security interest transaction. This particular Deed with Vendor's Lien, however, is a bit unusual as it purports to do the following:

---

[5] Complaint, ECF No. 1, pg. 2 ¶ 1.
[6] Pl. Ex. 2 at pg. 1; D. Ex. 1 at pg. 1.

000027

- The Vaituulalas agreed to "GRANT, SELL and CONVEY all of their interest to [AK Builders] in the [Stacey Court Home] . . . ."[7]

- The consideration paid by AK Builders for the conveyance of the Stacey Court Home was "Ten Dollars ($10.00) and a note of even date executed by [AK Builders] and payable to the order of [Defendant] in the principal amount of One Hundred Twenty-Five Thousand Dollars ($125,000). This note is secured by a first and superior Vendor's Lien and Superior Title retained in this deed in favor of [the Vaituulalas] *and transferred to [Defendant]* by a first-lien deed of trust of even date from [AK Builders] to [Trustee]."[8]

- The Deed with Vendor's Lien provided further that "it is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the [Stacey Court Home], is retained against the [Stacey Court Home] until the above described [$125,000 Note] and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute."[9]

Consequently, under the terms of the Deed with Vendor's Lien, the Vaituulalas purportedly received consideration of $10 for the conveyance of the Stacey Court Home to AK Builders. AK Builders, on the other hand, received title to the Stacey Court Home and the $125,000 loan proceeds from Defendant.[10] Additionally, the Vendor's Lien retained by the Vaituulalas in the Deed with Vendor's Lien was transferred by the Vaituulalas to Defendant to secure the $125,000 Note executed by AK Builders in favor of the Defendant.

The Deed with Vendor's Lien transaction was further evidenced by a *Settlement Statement*[11] executed by the Vaituulalas and Al, Jr. (on behalf of AK Builders). The Settlement Statement also referenced the $125,000 loan provided by Defendant to AK Builders.

The Deed with Vendor's Lien was then recorded in the official real property records of Tarrant County, Texas, on November 4, 2019.

---

[7] *Id.*
[8] *Id.* (emphasis added)
[9] Pl. Ex. 2 at pg. 2; D. Ex. 1 at pg. 2.
[10] There is no evidence in the record to explain or disclose what AK Builders did with the $125,000 loan proceeds, other than it went into a bank account owned by AK Builders.
[11] D. Ex. 11.

000028

Based on the credible evidence and specifically the testimony of Debtor, the Court finds that Debtor had very limited or no understanding of the consequences resulting from her execution of the Deed with Vendor's Lien—she was simply complying with the instructions from Husband and Al, Jr.

**B.     The loan transaction between AK Builders and Defendant—as evidenced by the $125,000 Note and Deed of Trust**

If furtherance of Al, Jr.'s scheme to obtain the loan from Defendant, also on October 28, 2019, AK Builders and Defendant then entered in the following loan transaction:

- Al, Jr., on behalf of AK Builders, executed the $125,000 Note[12] made payable to Defendant;

- Al, Jr., on behalf of AK Builders, also executed the Deed of Trust[13] granting Defendant a lien in the Stacey Court Home (also referenced in the Deed with Vendor's Lien); and

- Defendant funded the $125,000 Note to AK Builders.[14]

The Deed of Trust was subsequently recorded in the official real property records of Tarrant County, Texas, on December 18, 2019.

The $125,000 Note obligation incurred by AK Builders is troubling for two independent reasons. First, the $125,000 Note had a three-month term with a balloon payment of $155,000, due January 28, 2020—which equates to an interest rate of just under *__140%__*.

Second, even more concerning, AK Builders entered into (i) the Deed with Vendor's Lien transaction with Al, Jr's parents; and then (ii) the $125,000 Note and Deed of Trust transaction with the Defendant *__while AK Builders was a Debtor-In-Possession in its own Chapter 11__*

---

[12] D. Ex. 2.

[13] *Deed of Trust* (the "***Deed of Trust***"), Pl. Ex. 4; *see also* D. Ex. 3.

[14] The Court takes judicial notice of the *Monthly Operating Report for Small Business Under Chapter 11* filed in the AK Builders California Bankruptcy Case (defined *infra*) at [Cal. ECF No. 40] (reflecting the net loan proceeds deposit into AK Builders bank account).

000029

*bankruptcy case* pending in the Eastern District of California.[15] As detailed more fully below, the record established that neither of these transactions were ever disclosed or approved by the bankruptcy court in the AK Builders California Bankruptcy Case.

**C.     The AK Builders California Bankruptcy Case**

On July 29, 2019—three months *prior* to entering into (i) the Deed with Vendor's Lien transaction, and (ii) the $125,000 Note and Deed of Trust transactions—AK Builders filed a *Voluntary Petition for Non-Individuals Filing for Bankruptcy*[16] seeking relief under Chapter 11 of Title 11 of the United States Code. The petition was signed by Al, Jr. on behalf of AK Builders. There is no evidence in the record to establish or suggest that AK Builders sought or obtained Bankruptcy Court approval prior to entering into either (i) the Deed with Vendor's Lien transaction with the Vaituulalas, or (ii) the $125,000 Note and Deed of Trust transaction with Defendant.[17]

Additionally, based on the credible evidence at trial, the Court finds and concludes that neither Debtor nor Defendant had any notice or knowledge that AK Builders was a debtor-in-possession in its own Chapter 11 bankruptcy case when they entered into the above transactions with AK Builders. The Court further finds and concludes that Al, Jr.'s failure to disclose AK Builders' bankruptcy was purposeful to implement his scheme to use the Vaituulalas' home to obtain the $125,000 loan from Defendant.

---

[15] *In re AK Builders and Coatings, Inc*., Case No. 19-24759 filed in the United States Bankruptcy Court Eastern District of California (the "***AK Builders California Bankruptcy Case***").

[16] *Id.* at [Cal. ECF No. 1].

[17] The Court has taken judicial notice of the AK Builders California Bankruptcy Case docket sheet, and there is no entry on the docket to indicate or suggest that AK Builders filed a motion or obtained bankruptcy court approval to enter into either the Deed with Vendor's Lien transaction or the $125,000 Note and Deed of Trust transaction. The Court also listened to the hearings conducted in the AK Builders' California Bankruptcy Case on September 10, 2019 [Cal. ECF No. 26], October 22, 2019 [Cal. ECF No. 37], October 22, 2019 [Cal. ECF No. 37], December 4, 2019 [Cal. ECF No. 46], and February 19, 2020 [Cal. ECF No. 76]. Not one time did counsel for AK Builders inform the California Bankruptcy Court that AK Builders entered into the transactions with the Vaituulalas or with Defendant.

000030

### D.    AK Builders fails to pay the $125,000 Note

While still in its Chapter 11 bankruptcy case, AK Builders failed to pay the $125,000 Note owing to Defendant by its January 28, 2020, due date, causing the $125,000 Note to go into default. Because the $125,000 Note was in default and accelerated under its own terms, Defendant filed a *Notice of Foreclosure Sale*[18] with the County Clerk of Tarrant County, Texas, scheduling the Stacey Court Home for an April 7, 2020, foreclosure sale.

On April 7, 2020, Defendant then conducted the scheduled foreclosure sale, at which the Defendant's credit bid of $135,000 was accepted by the Substitute Trustee under the Deed of Trust as the highest bid at the scheduled foreclosure sale. The Substitute Trustee thereafter executed and then filed the *Substitute Trustee's Deed*[19] in the real property records of Tarrant County, Texas, conveying the Stacey Court Home to Defendant.

Again, the credible evidence suggests that (i) AK Builders failed to disclose any of these transactions in its pending California Chapter 11 bankruptcy case; and (ii) the Defendant had no notice and was not aware that AK Builders was a debtor-in-possession when Defendant scheduled and conducted the foreclosure sale of the Stacey Court Home.

On July 16, 2020—several months after the Stacey Court Home was conveyed to Defendant by the Substitute Trustee's Deed—AK Builders' Chapter 11 California Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.

It was not until November 26, 2020—more than sixteen months after AK Builders filed its California Chapter 11 bankruptcy case and more than four months after its Chapter 11 case was converted to Chapter 7—that AK Builders filed an Amended Schedule A/B and Schedule D,[20]

---

[18] D. Ex. 5.
[19] D. Ex. 6.
[20] D. Ex. 4.

000031

thus disclosing for the first time in the AK California Bankruptcy Case that AK Builders allegedly

owned the Stacey Court Home and that Defendant was a creditor of AK Builders.

**E.     Following the Foreclosure of the Stacey Court Home, Defendant and Al, Jr., on behalf
        of AK Builders, enter into a Residential Lease Agreement for the Stacey Court Home**

Following Defendant's acquisition of the Stacey Court Home at foreclosure and while AK

Builders was still a Chapter 11 debtor-in-possession, Defendant and Al, Jr., on behalf of AK

Builders, entered into a *Residential Lease Agreement*[21] on April 27, 2020. Again, there is no record

in the AK Builders California Bankruptcy Case that AK Builders obtained bankruptcy court

approval to enter into the lease.

The Residential Lease Agreement provided, in part:

> 5. **USE OF PREMISES**. The Premises shall be used and occupied solely
> by Tenant and Tenant's immediate family, consisting of AK Builders (AL
> Vaituulala), exclusively, as a private single family dwelling. . . .[22]

Tenant is defined in the lease as "Al Vaituulala for AK Builders and Coatings (hereinafter

referred to as 'Tenant.'"[23]

Al, Jr. testified that he did not execute or authorize an electronic version of his signature to

be placed on the Residential Lease Agreement. The Court found Al, Jr.'s testimony—that he did

not execute or enter into the Residential Lease Agreement on behalf of AK Builders—not credible.

On the other hand, the Court found the testimony of Mr. Narinder Bains—the representative of

Defendant—to be credible on this issue. Additionally, Mr. Bains's testimony was corroborated by

(i) two rent checks in the amount of $2,100[24]—the rent due under the Residential Lease

Agreement—signed by Al, Jr. on behalf of AK Builders and made payable to Mr. Subodh

---

[21] D. Ex. 7.
[22] D. Ex. 7 at pg. 2 (parenthetical in original).
[23] D. Ex. 7 at pg. 1.
[24] D. Ex. 8.

000032

Banerjee, the property manager for Defendant; (ii) the two rent checks were also reflected in the May 2020[25] and June 2020[26] Monthly Operating Reports signed by Al, Jr. and filed in the AK Builders California Bankruptcy Case (but the purpose of the checks was not disclosed); and (iii) real property tax payments[27] for the Stacey Court Home were made on behalf of Defendant after it acquired the Stacey Court Home at the foreclosure sale.

The Residential Lease Agreement terminated under its terms, but the Vaituulalas failed to vacate the Stacey Court Home. Therefore, on or about November 21, 2022, Defendant initiated a Texas state court eviction proceeding seeking to evict the Vaituulalas from the Stacey Court Home. To prevent the trial in the eviction proceeding from going forward, Debtor filed her underlying bankruptcy case and then the Complaint initiating this Adversary Proceeding.

### F.    Debtor ultimately vacated the Stacey Court Home and moved to Hawaii to live with her daughter

Debtor testified that, after Husband passed in December 2022, she was afraid to live alone in the Stacey Court Home and could not take care of herself. Therefore, she moved to Hawaii to live with her daughter. She testified further that she had no intention of returning to live alone in the Stacey Court Home.

### III.    ANALYSIS

Debtor filed her Complaint against Defendant contending:

    i.    The Stacey Court Home is her homestead, and it was encumbered by Defendant without her knowledge;[28] and

---

[25] Cal. ECF No. 142 at pg. 10.
[26] Cal. ECF No. 143 at pg. 9.
[27] D. Ex. 12.
[28] Amended Joint Pre-Trial Order, Adv. ECF No. 33, pg. 1.

000033

    ii.    The transfer of the Stacey Court Home to AK Builders was a "pretended sale" and is void under Texas Constitution Article XVI § 50(c). Consequently, AK Builders' subsequent transactions with Defendant, including the foreclosure sale of the Stacey Court Home, are void.[29]

Defendant denies Debtor's claims on the merits and asserts the following affirmative defenses:

- *Estoppel*—Defendant contends Debtor "is estopped from contending that the [Deed with Vendor's Lien] she signed and had notarized has no legal effect because she intended for the transaction to be a sham."[30]

- *Bona Fide Third-Party Lender Without Notice*—Defendant contends that it "was a bona fide lender that acquired its interest in the property in good faith, for value, and without notice of the claim or interest of the Vaituulalas."[31]

- *Equitable and Contractual Subrogation*—Defendant contends it is entitled to equitable and contractual subrogation for the funds it loaned and for its payment of property taxes and other costs incurred relating to the Stacey Court Home.[32]

- *Laches*—Defendant contends that, "[b]ecause [Defendant] has changed its position and because [Debtor] delayed asserting her claims until approximately three years since transferring the property, [Defendant] is entitled to the defense of laches."[33]

---

[29] Complaint, Adv. ECF No. 1, pg. 6 ¶ 30(a).
[30] Answer, Adv. ECF No. 17, pg. 3 ¶ 34.
[31] Answer, Adv. ECF No. 17, pg. 4 ¶ 42.
[32] Answer, Adv. ECF No. 17, pg. 5 ¶ 44.
[33] Answer, Adv. ECF No. 17, pg. 6 ¶ 51.

000034

Defendant also asserts counterclaims against Debtor "for fraud, misrepresentation, fraud by nondisclosure, negligent misrepresentation, conspiracy to commit fraud, and aiding and abetting AK Builders to fraudulently induce [Defendant] to make a loan to AK Builders."[34]

The Court will address each parties' claims, in turn.

## A.    Debtor's Claims

### 1.    *Debtor contends that the Stacey Court Home is her Homestead*

Debtor first contends that the Stacey Court Home was and is her homestead. It is well accepted that Texas law provides extremely broad protection for homesteads through the Texas Constitution and the Texas Property Code.[35]

The initial burden of proof falls on Debtor to "establish the character of the claimed property by showing a combination of both (1) overt acts of homestead usage, and (2) an intention to claim the property as a homestead."[36] This initial burden is typically a low hurdle, and, in the usual case, mere evidence of "overt acts of homestead usage" in the form of possession and usage of the property as a homestead is sufficient.[37] As more fully detailed above, Debtor satisfied this "low hurdle" by establishing that she and her Husband lived in the Stacey Court Home for many decades as their homestead prior to executing the Deed and Vendor's Lien on October 28, 2019.

Because Debtor has made a *prima facie* case in favor of homestead status, Defendant now "has the burden of demonstrating that [Debtor's] homestead rights have been terminated."[38]

---

[34] Answer, Adv. ECF No. 17, pg. 6 ¶ 52.

[35] *See* Tex. Const. art. XVI, § 50; Tex. Property Code Ann. § 41.001; *see also Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992). Statutes relating to homestead rights are to be liberally construed. *See Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 634–35 (Tex. 1987). "The Texas Constitution has long protected homeowners against the forced sale of their homesteads." *Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d 802, 809 (Tex. App. 2018).

[36] *In re Brei*, 599 B.R. 880, 892–93 (Bankr. N.D. Tex. 2019).

[37] *Bradley v. Pac. S.W. Bank, FSB (In re Bradley)*, 960 F.2d 502, 507 (5th Cir. 1992) (internal citations and quotations omitted); *see also In re Comu*, 542 B.R. 371, 384 (Bankr. N.D. Tex. 2015).

[38] *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 311 (5th Cir. 2003); *see also* FED. R. BANKR. P. 4003(c).

000035

Texas law provides that homestead rights "may be lost only through death, *abandonment* or *alienation*."[39] Consequently, the Court must determine if the Vaituulalas lost their homestead rights in the Stacey Court Home through abandonment or alienation when they entered into the transaction with AK Builders and executed the Deed with Vendor's lien.

Courts often fail to distinguish between abandonment and alienation as separate means of losing or extinguishing homestead rights in Texas.[40] "Abandonment requires cessation or discontinuance of the use of the property coupled with intent to abandon permanently the homestead. . . . Homestead status may be lost through alienation when the title to the property is transferred or conveyed to another, regardless of whether the grantor retains possession of the property."[41]

### a. Debtor Alienated her Homestead rights in the Stacey Court Home

Defendant argues that the Vaituulalas lost and extinguished their homestead rights in the Stacey Court Home by alienation when they conveyed it to AK Builders in the Deed with Vendor's Lien. Debtor responds contending that (i) she never intended to alienate her homestead rights when she executed the Deed with Vendor's Lien, and (ii) the Deed with Vendor's Lien constitutes a "pretended sale" and is void under the Texas Constitution[42] (addressed *infra*).

Subject to the Debtor's "pretended sale" argument (addressed *infra*), the Court finds and concludes that, up until the Vaituulalas executed the Deed with Vendor's Lien, the Stacey Court Home was, in fact, their homestead under Texas law. But, when the Vaituulalas conveyed the

---

[39] *Perry v. Dearing (In re Perry)*, 345 F.3d at 310 (emphasis added); *see also Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d at 809 (quoting *In re Perry*, 345 F.3d 303, 310 (5th Cir. 2003)); *see also In re Comu*, 542 B.R. at 385. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 160 (Tex. 2015)

[40] *Perry v. Dearing (In re Perry)*, 345 F.3d at 310, n. 8.

[41] *Id.* (internal citations omitted); *see also* Black's Law Dictionary (11th ed. 2019) (defines alienation as "[c]onveyance or transfer of property to another.").

[42] Tex. Const. art. XVI, § 50(c).

12

Stacey Court Home to AK Builders, the Stacey Court Home lost its homestead character, even though the Vaituulalas continued to occupy the property after the conveyance to AK Builders.[43]

Under the clear and unambiguous terms of the Deed with Vendor's Lien, title to the Stacey Court Home vested in AK Builders as of October 28, 2019. Debtor's testimony that she did not understand the consequences of her voluntary decision to execute the Deed with Vendor's Lien is unavailing.

The Court finds and concludes that Debtor voluntarily alienated her homestead rights in the Stacey Court Home by executing the Deed with Vendor's Lien and conveying the property to Al, Jr.'s company, AK Builders. Accordingly, Debtor's claim that she did not alienate her homestead rights in the Stacey Court Home is without merit and is ***DENIED***.

### b. *Debtor Abandoned her Homestead rights in the Stacey Court Home*

Because the Court finds and concludes that the Vaituulalas alienated their ownership and homestead rights in the Stacey Court Home as of October 28, 2019, by agreeing to the transaction with AK Builders and executing the Deed with Vendor's Lien, the Court need not find if, or when, Debtor "abandoned" her homestead rights in the Stacey Court Home. With that said, by her own testimony, to the extent the Debtor had a homestead right in the Stacey Court Home, she abandoned any such potential homestead right upon moving to Hawaii to live with her daughter with no intent to return to the Stacey Court Home.

---

[43] *Perry v. Dearing (In re Perry)*, 345 F.3d at 311; *see also Paull & Partners Inv., LLC v. Berry*, 558 S.W.3d 802, 809 (Tex. App. 2018) ("[h]omeowners may lawfully convey their homestead to a corporation, even if they remain in the home after the sale, for purpose of obtaining a loan."); *Eckard v. Citizens Nat'l Bank in Abilene*, 588 S.W.2d 861, 862 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.) (homeowner could sell home to corporation so corporation could borrow money and put valid lien on property).

000037

Therefore, the Court finds and concludes that Debtor has abandoned whatever homestead right she may have had in the Stacey Court Home. Accordingly, Debtor's claim that the Stacey Court Home continues to constitute her homestead is **DENIED**.

### 2.   *Debtor contends that the Deed with Vendor's Lien is a void "Pretended Sale"*

Debtor next contends that the Deed with Vendor's Lien constitutes a void "pretended sale" under the Texas Constitution. The Texas Constitution provides that any sales deemed "pretended" also containing "any condition of defeasance" are void.[44]

"A 'pretended sale' is one in which the parties do not intend title to vest in the purchaser, but rather that title will be divested within a certain amount of time by paying the specified amount."[45] Therefore, to constitute a valid "pretended sale" under Texas law, the Debtor must establish (i) "a lack of intent to vest title"[46] and (ii) "the transfer involves a condition allowing the seller to reclaim title to the property after the loan is repaid[,]"[47] or said another way, the transfer must include "a condition of defeasance[.]"[48]

The party asserting a claim of "pretended sale" must provide credible evidence to satisfy both elements of the "pretended sale."[49] Based on the credible evidence in the record, the Court finds and concludes that Debtor failed to establish either element of a "pretended sale."

Although Debtor testified that she did not understand the consequences resulting from her execution of the Deed with Vendor's Lien, the Court finds that Debtor's testimony alone is insufficient to overcome the overwhelming evidence that suggests the Vaituulalas intended to

---

[44] Tex. Const. art. XVI, § 50(c); *see also State v. Forest Lawn Lot Owners Ass'n,* 152 Tex. 41, 48 (Tex. 1953).
[45] *Paull & Partners Inv.*, 558 S.W.3d at 810.
[46] *Paull & Partners Inv.*, 558 S.W.3d at 806.
[47] *Paull & Partners Inv.*, 558 S.W.3d at 810 and 813.
[48] *Paull & Partners Inv.*, 558 S.W.3d at 806.
[49] *Paull & Partners Inv.*, 558 S.W.3d at 810.

000038

comply with Al, Jr.'s request by conveying the Stacey Court Home to AK Builders.[50] Additionally, the overwhelming evidence established that (i) the Vaituulalas knew the conveyance of the Stacey Court Home to AK Builders was being made so Al, Jr.'s business could obtain a loan from Defendant; (ii) a title commitment was being issued by Chicago Title Insurance Company that AK Builders was the fee simple owner of the Stacey Court Home under the Deed with Vendor's Lien;[51] and (iii) the Vaituulalas voluntarily assigned the Vendor's Lien retained in the Deed with Vendor's Lien to Defendant.[52]

Therefore, based on the credible evidence in the record, the Court finds and concludes that Debtor failed to establish that she lacked the intent to vest title of the Stacey Court Home in AK Builders when she executed the Deed with Vendor's Lien. Consequently, the Deed with Vendor's Lien does not constitute a "pretended sale" rendered void by the Texas Constitution.

Even if Debtor was able to establish that she lacked the necessary intent to vest title of the Stacey Court Home in AK Builders (to be clear, the Court does not so find), Debtor also failed to establish that the Deed with Vendor's Lien was subject to a condition of defeasance. "A condition of defeasance is a condition that permits the seller to reclaim title to the property after the [subject] debt has been paid."[53]

Although the condition of defeasance need not be expressly stated in the conveyance instrument itself, such a condition of defeasance must be implied or stated in a contemporaneous document.[54] Other than Debtor's and Al, Jr.'s unpersuasive self-serving testimony, neither Debtor

---

[50] *Paull & Partners Inv.*, 558 S.W.3d at 811; *Adams v. First Nat'l Bank of Bells/Savory*, 154 S.W.3d 859, 870 (Tex. App.—Dallas 2005, no pet.) (a secret or undisclosed intent to convey title, or a subsequent change of intent, will not affect the validity of the conveyance).
[51] D. Ex. 10.
[52] D. Ex. 1.
[53] *Paull & Partners Inv.*, 558 S.W.3d at 813.
[54] *Paull & Partners Inv.*, 558 S.W.3d at 813; *see also Anglin v. Cisco Mortg. Loan Co.*, 135 Tex. 188, 141 S.W.2d 935, 941 (1940) (where express condition of defeasance not recited in the deed, "equity looks to all the circumstances preceding and attending the execution of the instrument[.]").

000039

nor Al, Jr. could point to any provision in the Deed with Vendor's Lien or any other contemporaneous document that expressly or impliedly provided for a condition of defeasance. Debtor could not point to any document that expressly or impliedly provided her with the right to compel AK Builders to convey the Stacey Court Home back to her once AK Builders satisfied the $125,000 Note to Defendant. Nor is there any credible evidence in the record to suggest that AK Builders made contemporaneous statements or put forth in any documents that AK Builders intended to reconvey the Stacey Court Home to the Vaituulalas once the $125,000 Note had been satisfied.

The only provision Debtor points to as a "condition of defeasance" is the retention by the Vaituulalas of the Vendor's Lien—of which they conveyed to Defendant. But a vendor's lien retained in a deed does not constitute a condition of defeasance.

Based on the credible evidence in the record, the Court finds and concludes that Debtor failed to establish that the Deed with Vendor's Lien was subject to a condition of defeasance. Consequently, the Deed with Vendor's Lien does not constitute a "pretended sale" rendered void by the Texas Constitution.

The Court finds and concludes that the transaction between the Vaituulalas and AK Builders evidenced by the Deed with Vendor's Lien does not constitute a "pretended sale" in violation of the Texas Constitution. Accordingly, Debtor's claim that the transfer of the Stacey Court Home to AK Builders was a "pretended sale" and is void under Texas Constitution Article XVI § 50(c) is without merit and is **_DENIED_**.

000040

## B.    Defendant's Affirmative Defenses

Because all of Debtor' claims against Defendant are denied on the merits, the Court need not address Defendant's affirmative defenses. Consequently, Defendant's affirmative defenses are *DENIED* as *MOOT*.

## C.    Defendant's Counterclaims

Based on the credible evidence in the record, and as fully addressed *supra*, the Court finds and concludes that the Vaituulalas conveyed title of the Stacey Court Home to AK Builders by the Deed with Vendor's Lien. The Court further finds and concludes that the Vaituulalas assigned the Vendor's Lien they retained in the Deed with Vendor's Lien to the Defendant. Additionally, the Court finds and concludes that (i) the Deed of Trust secured the $125,000 Note made by AK Builders to Defendant; and (ii) the April 7, 2020, foreclosure sale conveyed title of the Stacey Court Home to the Defendant.

Based on these findings and conclusions, the Court further finds and concludes that Defendant's counterclaims are moot.

Therefore, Defendant's counterclaims against Debtor are *DENIED* as *MOOT*.

### IV.    CONCLUSION

Each of Debtor's claims against Defendant fail and are *DENIED*.

Each of Defendant's affirmative defenses are *DENIED* as *MOOT*.

Each of Defendant's counterclaims against Debtor are *DENIED* as *MOOT*.

Consequently, the Court will enter a separate final judgment consistent with these Findings of Fact and Conclusions of Law.

### ### END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW ###

17

# U.S. Bankruptcy Court
## Northern District of Texas (Ft. Worth)
## Adversary Proceeding #: 23-04018-mxm
### Internal Use Only

*Assigned to:* Mark X. Mullin                                    *Date Filed:* 03/04/23
*Lead BK Case:* 22-42980
*Lead BK Title:* Mele L Vaituulala
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  21 Validity, priority or extent of lien or other interest in property


### Plaintiff
-----------------------

**Mele L Vaituulala**                               represented by **Charles R. Chesnutt, Sr.**
2005 Stacey Ct.                                     Charles R. Chesnutt
Arlington, TX 76013                                 9716 Edgepine Dr.
SSN / ITIN: 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                             Dallas, TX 75238
                                                    972-248-7000
                                                    Fax : 972-559-1872
                                                    Email: pleadings@chapter7-11.com
                                                    *LEAD ATTORNEY*


V.


### Defendant
-----------------------

**N and K Properties, LLC,** *Defendant*            represented by **Clayton Everett**
5450 Thornwood Drive                                515 E. Border St.
San Jose, Santa Clara Co, CA 95123                  Ste 163
                                                    76010
                                                    Arlington, TX 76010
                                                    817-704-3984
                                                    Email: clayton@norredlaw.com

                                                    **Warren V. Norred**
                                                    Norred Law PLLC
                                                    515 E. Border Street
                                                    Arlington, TX 76010
                                                    817-704-3984
                                                    Fax : 817-524-6686
                                                    Email: warren@norredlaw.com


### Counter-Claimant
-----------------------

**N and K Properties, LLC,** *Defendant*            represented by **Warren V. Norred**

5450 Thornwood Drive
San Jose, Santa Clara Co, CA 95123

(See above for address)

V.

**Counter-Defendant**
-----------------------

**Mele L Vaituulala**                           represented by **Charles R. Chesnutt, Sr.**
2005 Stacey Ct.                                                    (See above for address)
Arlington, TX 76013

| Filing Date | Docket Text |
|---|---|
| 03/04/2023 | 1 (14 pgs; 3 docs) Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). (Chesnutt, Charles) |
| 03/04/2023 | Receipt of filing fee for Complaint( 23-04018-mxm) [cmp,cmp] ( 350.00). Receipt number A30222637, amount $ 350.00 (re: Doc# 1). (U.S. Treasury) |
| 03/06/2023 | 2 (2 pgs) Adversary proceeding cover sheet filed by Plaintiff Mele L Vaituulala (RE: related document(s)1 Complaint). (Chesnutt, Charles) |
| 03/06/2023 | (private) Case checked for completeness (Almaraz, Jeanette) |
| 03/06/2023 | 3 (2 pgs) Scheduling order setting deadlines. Discovery and all exhibits except impeachment documents: 45 days prior to Docket Call, pre-trial order: 7 calendar days prior to Docket Call, proposed findings of fact and conclusions of law: 7 days prior to first scheduled docket call (RE: related document(s)1 Complaint filed by Plaintiff Mele L Vaituulala). Trial Docket Call date set for 8/24/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 3/6/2023 (Calfee, Jennifer) |
| 03/06/2023 | 4 (2 pgs) Summons issued on N and K Properties, LLC Answer Due 4/5/2023 (Calfee, Jennifer) |
| 03/08/2023 | 5 (2 pgs) Summons service executed on N and K Properties, LLC 3/8/2023 (Chesnutt, Charles) |
| 04/05/2023 | 6 (9 pgs) Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC (Norred, Warren) |
| 04/10/2023 | 7 (2 pgs) Notice of hearing filed by Defendant N and K Properties, LLC (RE: related document(s)6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC). Hearing to be held on 5/15/2023 at 01:30 PM via WebEx for 6, (Norred, Warren) Modified on 4/10/2023 (Almaraz, Jeanette). |
| 05/05/2023 | 8 (2 pgs) INCORRECT ENTRY, wrong case number on PDF; Objection to (related document(s): 6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC) filed by Plaintiff Mele L Vaituulala. (Chesnutt, Charles) Modified on 5/8/2023 (Dozier, Bryan). |
| 05/09/2023 | 9 (5 pgs) INCORRECT ENTRY. Wrong event used. Brief in support filed by Plaintiff Mele L Vaituulala (RE: related document(s)6 Motion to dismiss adversary proceeding ). (Chesnutt, Charles) Modified on 5/10/2023 (Spelmon, T). |
| 05/09/2023 | 11 (5 pgs) Response opposed to (related document(s): 6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC) filed by Plaintiff Mele L Vaituulala . (Calfee, Jennifer) (Entered: |

000043

| | |
|---|---|
| 05/11/2023 | 10 (2 pgs) Amended Notice of hearing filed by Defendant N and K Properties, LLC (RE: related document(s)6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC). Hearing to be held on 6/20/2023 at 09:30 AM Ft. Worth, Judge Mullin's Ctrm. for 6, (Norred, Warren) |
| 06/14/2023 | 12 (2 pgs) Amended Notice of hearing filed by Defendant N and K Properties, LLC (RE: related document(s)6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC). Hearing to be held on 6/22/2023 at 11:00 AM Ft. Worth, Judge Mullin's Ctrm. for 6, (Norred, Warren) |
| 06/19/2023 | 13 (11 pgs; 3 docs) INCORRECT ENTRY - Incorrect Event Code Used; Attorney to Refile. Brief in opposition filed by Plaintiff Mele L Vaituulala (RE: related document(s)6 Motion to dismiss adversary proceeding ). (Attachments: # 1 Exhibit 1 - General Warraty Deed # 2 Exhibit 2 - Deed of Trust) (Chesnutt, Charles) Modified on 6/21/2023 (Dugan, Sue). |
| 06/22/2023 | 14 Hearing held on 6/22/2023. (RE: related document(s)6 Motion to dismiss adversary proceeding filed by Defendant N and K Properties, LLC filed by Defendant N and K Properties, LLC) ***UNDER ADVISEMENT*** (Almaraz, Jeanette) |
| 06/23/2023 | 15 (4 pgs) Order denying motion to dismiss adversary proceeding (related document # 6) Entered on 6/23/2023. (Chambers, Deanna) |
| 06/25/2023 | 16 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)15 Order denying motion to dismiss adversary proceeding (related document 6) Entered on 6/23/2023.) No. of Notices: 2. Notice Date 06/25/2023. (Admin.) (Entered: 06/26/2023) |
| 07/07/2023 | 17 (10 pgs) Answer to complaint and Counterclaims, Counterclaim by N and K Properties, LLC against Mele L Vaituulala filed by N and K Properties, LLC. (Norred, Warren) |
| 07/28/2023 | 18 (5 pgs; 2 docs) Agreed Motion to amend scheduling order. (related documents 3 Standing scheduling order in an adversary proceeding) filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC (Attachments: # 1 Proposed Order) (Norred, Warren) |
| 08/07/2023 | 19 (5 pgs) INCORRECT ENTRY; No Adversary Case number. Answer to counterclaim filed by Mele L Vaituulala. (Chesnutt, Charles) Modified on 8/8/2023 (Chambers, Deanna). |
| 08/08/2023 | 20 (5 pgs) Answer to counterclaim filed by Mele L Vaituulala. (Chesnutt, Charles) |
| 08/09/2023 | 21 (2 pgs) Withdrawal filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC (RE: related document(s)18 Agreed Motion to amend scheduling order. (related documents 3 Standing scheduling order in an adversary proceeding)). (Norred, Warren) |
| 08/09/2023 | 22 (2 pgs) Notice to take deposition of Mele L. Vaituulala filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC. (Norred, Warren) |
| 08/09/2023 | (private) Motions terminated. w/d 21 (RE: related document(s)18 Agreed Motion to amend scheduling order. (related documents 3 Standing scheduling order in an adversary proceeding) filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC (Attachments: # 1 Proposed Order)) (Kerr, S.) |
| 08/16/2023 | 23 (5 pgs; 2 docs) Motion to continue hearing on (related documents 1 Complaint) filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC (Attachments: # 1 Proposed Order) (Norred, Warren) |

| | |
|---|---|
| 08/16/2023 | 24 (5 pgs; 2 docs) Motion for expedited hearing(related documents 23 Motion to continue) filed by Defendant N and K Properties, LLC, Counter-Claimant N and K Properties, LLC (Attachments: # 1 Proposed Order) (Norred, Warren) |
| 08/21/2023 | 25 (3 pgs) Order granting motion to continue hearing on (related document # 23) (related documents Complaint) Trial Docket Call date set for 11/21/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 8/21/2023. (Chambers, Deanna) |
| 08/23/2023 | 26 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)25 Order granting motion to continue hearing on (related document 23) (related documents Complaint) Trial Docket Call date set for 11/21/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 8/21/2023.) No. of Notices: 0. Notice Date 08/23/2023. (Admin.) |
| 10/31/2023 | 27 (2 pgs) Notice to take deposition of Mele L. Vaituulala filed by Defendant N and K Properties, LLC. (Norred, Warren) |
| 11/14/2023 | 28 (2 pgs) Proposed findings of fact and conclusions of law filed by Plaintiff Mele L Vaituulala (RE: related document(s)3 Standing scheduling order in an adversary proceeding). (Chesnutt, Charles) |
| 11/14/2023 | 29 (3 pgs) Proposed pre-trial order filed by Plaintiff Mele L Vaituulala. (Chesnutt, Charles) |
| 11/15/2023 | 30 (3 pgs) Witness and Exhibit List *for Trial* filed by Defendant N and K Properties, LLC (RE: related document(s)1 Complaint). (Everett, Clayton) |
| 11/15/2023 | 31 (5 pgs) Proposed findings of fact and conclusions of law filed by Defendant N and K Properties, LLC (RE: related document(s)1 Complaint, 17 Answer to complaint, Counterclaim). (Everett, Clayton) |
| 11/16/2023 | 32 (18 pgs; 5 docs) Witness and Exhibit List filed by Plaintiff Mele L Vaituulala (RE: related document(s)1 Complaint). (Attachments: # 1 Index ex 1 - Deed of Trust # 2 Appendix ex - 2 Deed # 3 Exhibit ex 3 - Notice of Bankruptcy AK Builders # 4 Exhibit ex 4 - Trustee's Deed) (Chesnutt, Charles) |
| 11/16/2023 | 33 (5 pgs) Proposed pre-trial order filed by Plaintiff Mele L Vaituulala. (Chesnutt, Charles) |
| 11/20/2023 | 34 (3 pgs) Amended Witness and Exhibit List filed by Defendant N and K Properties, LLC (RE: related document(s)30 List (witness/exhibit/generic)). (Norred, Warren) |
| 11/21/2023 | 35 Hearing held on 11/21/2023. (RE: related document(s)1 Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala) ***TRIAL TO BE SET - DATE TBD*** (Almaraz, Jeanette) |
| 11/22/2023 | 36 (2 pgs) SEE AMENDED (as to date of hearing) at 37 Notice of Trial hearing filed by Defendant N and K Properties, LLC (RE: related document(s)1 Complaint filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala). Trial date set for 1/17/2024 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Norred, Warren) Modified on 11/27/2023 (Warren, Shelley). |
| 11/22/2023 | 37 (2 pgs) Amended Notice of Trial hearing filed by Defendant N and K Properties, LLC (RE: related document(s)1 Complaint filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala). Trial date set for 1/17/2024 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Norred, Warren) |
| 12/01/2023 | 38 (3 pgs) Amended Witness and Exhibit List filed by Defendant N and K Properties, LLC (RE: related document(s)34 List (witness/exhibit/generic)). (Norred, Warren) |

| | |
|---|---|
| 01/02/2024 | [39](#) (2 pgs) Amended Witness and Exhibit List filed by Plaintiff Mele L Vaituulala (RE: related document(s)[32](#) List (witness/exhibit/generic)). (Chesnutt, Charles) |
| 01/10/2024 | [40](#) (2 pgs) Proposed findings of fact and conclusions of law filed by Plaintiff Mele L Vaituulala (RE: related document(s)[1](#) Complaint). (Chesnutt, Charles) |
| 01/12/2024 | [41](#) (2 pgs) Motion to continue hearing on (related documents [1](#) Complaint) filed by Plaintiff Mele L Vaituulala (Chesnutt, Charles) |
| 01/12/2024 | [42](#) (2 pgs) Motion for expedited hearing(related documents [1](#) Complaint) filed by Plaintiff Mele L Vaituulala (Chesnutt, Charles) |
| 01/16/2024 | [43](#) (1 pg) Order granting motion to continue hearing on (related document # [41](#)) (related documents Complaint) Trial date set for 2/1/2024 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 1/16/2024. (Chambers, Deanna) |
| 01/18/2024 | [44](#) (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[43](#) Order granting motion to continue hearing on (related document [41](#)) (related documents Complaint) Trial date set for 2/1/2024 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 1/16/2024.) No. of Notices: 0. Notice Date 01/18/2024. (Admin.) |
| 01/23/2024 | 45 (private) TRIAL set (RE: related document(s)[1](#) Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala) Trial date set for 2/1/2024 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Almaraz, Jeanette) |
| 02/01/2024 | 46 Hearing held on 2/1/2024. (RE: related document(s)[1](#) Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala) ***UNDER ADVISEMENT - DEFENDANT'S POST TRIAL BRIEF DUE ON OR BEFORE 2/16/24, PLAINTIFF'S REPONSE DUE ON OR BEFORE 2/23/24*** (Almaraz, Jeanette) |
| 02/01/2024 | [47](#) (1 pg) Court admitted exhibits date of hearing 02/01/2024 (RE: related document(s)[1](#) Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property).) (Almaraz, Jeanette) |
| 02/16/2024 | [48](#) (12 pgs) Brief in opposition filed by Defendant N and K Properties, LLC (RE: related document(s)[1](#) Complaint). (Everett, Clayton) |
| 02/23/2024 | [49](#) (7 pgs) Brief in support filed by Plaintiff Mele L Vaituulala (RE: related document(s)[1](#) Complaint). (Calfee, Jennifer) (Entered: 02/27/2024) |
| 03/19/2024 | [50](#) (17 pgs) Findings of fact and conclusions of law (RE: related document(s)[1](#) Complaint filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala). Entered on 3/19/2024 (Calfee, Jennifer) |
| 03/19/2024 | [51](#) (2 pgs) Final Judgment. Entered on 3/19/2024 (Calfee, Jennifer) |
| 03/21/2024 | [52](#) (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[51](#) Final Judgment. Entered on 3/19/2024) No. of Notices: 0. Notice Date 03/21/2024. (Admin.) |

| | |
|---|---|
| 03/21/2024 | 53 (19 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)50 Findings of fact and conclusions of law (RE: related document(s)1 Complaint filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala). Entered on 3/19/2024) No. of Notices: 0. Notice Date 03/21/2024. (Admin.) |
| 03/29/2024 | 54 (22 pgs; 3 docs) Notice of appeal . Fee Amount $298 filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). Appellant Designation due by 04/12/2024. (Attachments: # 1 Exhibit Ex. 1 - Judgment # 2 Exhibit Ex. 2 - Findings of Fact)(Chesnutt, Charles) |
| 03/29/2024 | Receipt of filing fee for Notice of appeal( 23-04018-mxm) [appeal,ntcapl] ( 298.00). Receipt number A31279761, amount $ 298.00 (re: Doc# 54). (U.S. Treasury) |
| 03/29/2024 | 55 (6 pgs; 3 docs) (private) Forms (misc) (Almaraz, Jeanette) |
| 03/29/2024 | 56 (24 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)54 Notice of appeal filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). (Attachments: # 1 Service List) (Almaraz, Jeanette) |
| 03/29/2024 | 57 (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)54 Notice of appeal filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). (Almaraz, Jeanette) |
| 03/29/2024 | 58 (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 03/29/2024 | 59 (1 pg) Notice of docketing notice of appeal. Civil Action Number: 4:24-cv-00295-O. (RE: related document(s)54 Notice of appeal filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). (Almaraz, Jeanette) |
| 03/31/2024 | 60 (4 pgs) BNC certificate of mailing. (RE: related document(s)57 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)54 Notice of appeal filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment).) No. of Notices: 0. Notice Date 03/31/2024. (Admin.) |
| 04/05/2024 | 61 (9 pgs; 3 docs) Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff Mele L Vaituulala (RE: related document(s)54 Notice of appeal filed by Plaintiff Mele L Vaituulala. (Attachments: # 1 Appendix 1. Deed # 2 Appendix 2. Deed of Trust)(Chesnutt, Charles). MODIFIED to Correct Linkage on 4/9/2024 (Dugan, Sue). |
| 04/05/2024 | 62 (31 pgs; 6 docs) Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff Mele L Vaituulala (RE: related document(s)61 Appellant designation). (Attachments: # 1 Exhibit 1. Notice of Appeal # 2 Exhibit 2. Judgment # 3 3. Findings of Fact # 4 Appendix 4. Deed # 5 Exhibit 4. Deed of Trust)(Chesnutt, Charles) |
| 04/05/2024 | 63 (1 pg) Clerk's correspondence requesting Amended Appellant Designation from attorney for plaintiff. (RE: related document(s)62 Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff Mele L Vaituulala (RE: related document(s)61 Appellant designation). (Attachments: # 1 Exhibit 1. Notice of Appeal # 2 Exhibit 2. Judgment # 3 3. Findings of Fact # 4 Appendix 4. Deed # 5 Exhibit 4. Deed of Trust) filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala) Responses due by 4/9/2024. (Almaraz, Jeanette) |
| 04/09/2024 | 64 (2 pgs) Amended appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff Mele L Vaituulala (RE: related document(s)62 Appellant designation). (Chesnutt, Charles) |
| 04/15/2024 | 65 (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |

| | |
|---|---|
| 04/15/2024 | (private) Forms (misc) (Almaraz, Jeanette) |
| 04/15/2024 | 66 (1 pg) Notice of deficiency regarding appeal - Designated transcripts have not been ordered to be included on the appellant's record (RE: related document(s)54 Notice of appeal . Fee Amount $298 filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). Appellant Designation due by 04/12/2024. (Attachments: # 1 Exhibit Ex. 1 - Judgment # 2 Exhibit Ex. 2 - Findings of Fact)) (Almaraz, Jeanette) |
| 04/17/2024 | 67 (3 pgs) BNC certificate of mailing. (RE: related document(s)66 Notice of deficiency regarding appeal - Designated transcripts have not been ordered to be included on the appellant's record (RE: related document(s)54 Notice of appeal . Fee Amount $298 filed by Plaintiff Mele L Vaituulala (RE: related document(s)51 Judgment). Appellant Designation due by 04/12/2024. (Attachments: # 1 Exhibit Ex. 1 - Judgment # 2 Exhibit Ex. 2 - Findings of Fact))) No. of Notices: 0. Notice Date 04/17/2024. (Admin.) |
| 04/22/2024 | 68 (1 pg) INCORRECT ENTRY. Request for transcript regarding a hearing held on 2/1/2024 - testimony of Al and Mele Viatuulala only. The requested turn-around time is ordinary 30 day (Almaraz, Jeanette) Modified on 4/22/2024 (Almaraz, Jeanette). |
| 04/22/2024 | 69 (1 pg) Request for transcript regarding a hearing held on 2/1/2024 - Testimony of Al and Mele Vaituulala only. The requested turn-around time is 14-day expedited (Almaraz, Jeanette) |
| 05/02/2024 | 🔒 70 (36 pgs) Transcript regarding Hearing Held 2/1/2024 RE: Testimony of Mele Vaituulala and Testimony of Al Vaituulala. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 07/31/2024. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Dipti Patel/Liberty Transcripts, Telephone number (847) 848-4907. (RE: related document(s) 46 Hearing held on 2/1/2024. (RE: related document(s)1 Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). filed by Counter-Defendant Mele L Vaituulala, Plaintiff Mele L Vaituulala) ***UNDER ADVISEMENT - DEFENDANT'S POST TRIAL BRIEF DUE ON OR BEFORE 2/16/24, PLAINTIFF'S REPONSE DUE ON OR BEFORE 2/23/24***). Transcript to be made available to the public on 07/31/2024. (Patel, Dipti) |

**DebtEd, REFORM, ADVAPL, EXHIBITS, CONVERTED**

**U.S. Bankruptcy Court**
**Northern District of Texas (Ft. Worth)**
**Bankruptcy Petition #: 22-42980-mxm7**
**Internal Use Only**

| | |
|---|---|
| *Date filed:* | 12/06/2022 |
| *Date converted:* | 04/15/2024 |
| *341 meeting:* | 05/21/2024 |
| *Deadline for objecting to discharge:* | 07/22/2024 |

*Assigned to:* Mark X. Mullin
Chapter 7
Previous chapter 7
Original chapter 11
Voluntary
No asset

| | |
|---|---|
| ***Debtor*** | represented by **Charles R. Chesnutt, Sr.** |
| **Mele L Vaituulala** | Charles R. Chesnutt |
| 2005 Stacey Ct. | 9716 Edgepine Dr. |
| Arlington, TX 76013 | Dallas, TX 75238 |
| TARRANT-TX | 972-248-7000 |
| SSN / ITIN: 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 | Fax : 972-559-1872 |
| | Email: pleadings@chapter7-11.com |

***Trustee***
**John Dee Spicer**
Suite 560, Founders Square
900 Jackson Street
Dallas, TX 75202-4425
(214) 573-7331

| | |
|---|---|
| ***U.S. Trustee*** | represented by **Elizabeth Ziegler Young** |
| **United States Trustee** | U.S. Trustee Office |
| 1100 Commerce Street | 1100 Commerce Street, Room 976 |
| Room 976 | Dallas, TX 75242 |
| Dallas, TX 75202 | (214) 767-8967 |
| 214-767-8967 | Fax : (214) 767-8971 |
| | Email: elizabeth.a.young@usdoj.gov |

| Filing Date | Docket Text |
|---|---|
| 12/06/2022 | 1 (55 pgs) Individual Chapter 11 Voluntary Petition. Fee Amount $1738 Filed by Mele L Vaituulala (Chesnutt, Charles) |
| 12/06/2022 | Receipt of filing fee for Voluntary petition (chapter 11)( 22-42980-11) [misc,volp11a] (1738.00). Receipt number A30011158, amount $1738.00 (re: Doc# 1). (U.S. Treasury) |
| 12/07/2022 | 2 (2 pgs) Notice of deficiency. B121 due 12/8/2022. (Nunns, Tracy) |
| 12/07/2022 | 3 (1 pg) (private) Form 121 Social Security Number verification. Filed by Debtor Mele L Vaituulala (RE: |

000049

| | related document(s)2 Notice of deficiency). (Chesnutt, Charles) |
|---|---|
| 12/07/2022 | 4 (1 pg) Notice of Appearance and Request for Notice by John Kendrick Turner filed by Creditor Tarrant County. (Turner, John) |
| 12/08/2022 | 5 (2 pgs) Notice of deficiency. Employee Income Records due 12/20/2022. Credit Counseling Certificate due 12/9/2022. (Nunns, Tracy) |
| 12/08/2022 | Employee income statement regarding pay advices 11 USC sec. 521. Debtor is unemployed and is unable to provide copies of pay stubs from 60 days prior to petition date. Filed by Debtor Mele L Vaituulala (RE: related document(s)5 Notice of deficiency). (Chesnutt, Charles) |
| 12/08/2022 | 6 (1 pg) Certificate of credit counseling dated 12/6/2022 . Filed by Debtor Mele L Vaituulala (RE: related document(s)5 Notice of deficiency). (Chesnutt, Charles) |
| 12/09/2022 | 7 (3 pgs) Meeting of creditors 341(a) meeting to be held on 1/9/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 4/9/2023. Government Proof of Claim due by 7/8/2023. (Neary, William) |
| 12/09/2022 | 8 (3 pgs) BNC certificate of mailing. (RE: related document(s)2 Notice of deficiency. B121 due 12/8/2022.) No. of Notices: 1. Notice Date 12/09/2022. (Admin.) |
| 12/10/2022 | 9 (3 pgs) BNC certificate of mailing. (RE: related document(s)5 Notice of deficiency. Employee Income Records due 12/20/2022. Credit Counseling Certificate due 12/9/2022.) No. of Notices: 1. Notice Date 12/10/2022. (Admin.) |
| 12/14/2022 | 10 (5 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)7 Meeting of creditors 341(a) meeting to be held on 1/9/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 4/9/2023. Government Proof of Claim due by 7/8/2023.) No. of Notices: 1. Notice Date 12/14/2022. (Admin.) |
| 01/05/2023 | 11 (8 pgs) Application to employ Charles R. Chesnutt, P.C. as Attorney Filed by Debtor Mele L Vaituulala (Chesnutt, Charles) |
| 01/06/2023 | 12 (6 pgs) Certificate of service re: Clerk's Notice of Bankruptcy filed by Debtor Mele L Vaituulala (RE: related document(s)7 Meeting of creditors Chapter 11). (Chesnutt, Charles) |
| 01/09/2023 | 13 (9 pgs) Amended voluntary petition by an individual filed for the following: to correct social security number . filed by Debtor Mele L Vaituulala (RE: related document(s)1 Voluntary petition (chapter 11)). (Chesnutt, Charles) |
| 01/10/2023 | (private) CMA case review deadline set for: amended 121 filed? (RE: related document(s)13 Amended voluntary petition by an individual filed for the following: to correct social security number . filed by Debtor Mele L Vaituulala (RE: related document(s)1 Voluntary petition (chapter 11)).) (Hartogh, Kristina) |
| 01/10/2023 | 14 (1 pg) (private) INCORRECT ENTRY: WRONG EVENT USED. Form 121 Social Security Number verification. Filed by Debtor Mele L Vaituulala. (Chesnutt, Charles) MODIFIED on 1/10/2023 (Hartogh, Kristina). |
| 01/10/2023 | 15 (1 pg) (private) Declaration for electronic filing filed by Debtor Mele L Vaituulala . (Hartogh, Kristina) |
| 01/11/2023 | 16 (3 pgs) Meeting of creditors 341(a) meeting to be held on 2/13/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 5/15/2023. Government Proof of Claim due by 8/14/2023. (Young, Elizabeth) |

| 01/12/2023 | 17 (1 pg) (private) Form 121 Social Security Number verification. Filed by Debtor Mele L Vaituulala. (Chesnutt, Charles) |
|---|---|
| 01/13/2023 | 19 (3 pgs) (private) INCORRECT ENTRY. Wrong event used. 341 Form Production. Debtor's SSN was amended (Spelmon, T) Modified on 1/13/2023 (Spelmon, T). |
| 01/14/2023 | 18 (5 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)16 Meeting of creditors 341(a) meeting to be held on 2/13/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 5/15/2023. Government Proof of Claim due by 8/14/2023.) No. of Notices: 1. Notice Date 01/14/2023. (Admin.) |
| 01/17/2023 | 20 (3 pgs) Meeting of creditors 341(a) meeting to be held on 2/21/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 5/22/2023. Government Proof of Claim due by 8/21/2023. (Young, Elizabeth) |
| 01/17/2023 | 21 (3 pgs) Certificate of service re: Notice of Correction of Social Security Number filed by Debtor Mele L Vaituulala (RE: related document(s)13 Amended petition). (Chesnutt, Charles) |
| 01/19/2023 | 22 (4 pgs) BNC certificate of mailing - meeting of creditors. No. of Notices: 1. Notice Date 01/19/2023. (Admin.) |
| 01/20/2023 | 23 (5 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)20 Meeting of creditors 341(a) meeting to be held on 2/21/2023 at 02:00 PM by TELEPHONE. Proofs of Claims due by 5/22/2023. Government Proof of Claim due by 8/21/2023.) No. of Notices: 1. Notice Date 01/20/2023. (Admin.) |
| 01/23/2023 | 24 (11 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala. (Attachments: # 1 Exhibit Bank Statement 1 # 2 Exhibit Bank Statement 2) (Chesnutt, Charles) |
| 02/21/2023 | Trustee's initial report of meeting of creditors held on 2/21/2023 (RE: related document(s)20 Meeting of creditors Chapter 11) (Young, Elizabeth) |
| 02/21/2023 | 25 (7 pgs) Certificate of service re: Clerk's Notice of Bankruptcy filed by Debtor Mele L Vaituulala (RE: related document(s)22 BNC certificate of mailing - meeting of creditors). (Chesnutt, Charles) |
| 02/23/2023 | 26 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)11 Application to employ Charles R. Chesnutt, P.C. as Attorney Filed by Debtor Mele L Vaituulala) Responses due by 3/9/2023. (Kerr, S.) |
| 02/27/2023 | 27 (11 pgs; 3 docs) INCORRECT ENTRY: pdf did not generate. Attorney to refile. Chapter 11 Monthly Operating Report for the Month Ending: 02/07/23 filed by Debtor Mele L Vaituulala. (Attachments: # 1 Exhibit JAN Bank Statement # 2 Exhibit FEB Bank Statement) (Chesnutt, Charles) Modified on 3/1/2023 (Warren, Shelley). |
| 03/04/2023 | 28 (14 pgs; 3 docs) Adversary case 23-04018. Complaint by Mele L Vaituulala against N and K Properties. Fee Amount $350 (Attachments: # 1 Exhibit Deed # 2 Exhibit Deed of Trust). Nature(s) of suit: 21 (Validity, priority or extent of lien or other interest in property). (Chesnutt, Charles) |
| 03/14/2023 | 29 (1 pg) Clerk's correspondence requesting an order from attorney for debtor. (RE: related document(s)11 Application to employ Charles R. Chesnutt, P.C. as Attorney Filed by Debtor Mele L Vaituulala) Responses due by 3/28/2023. (Kerr, S.) |
| 04/04/2023 | 30 (1 pg) Order granting application to employ Charles R. Chestnutt as Attorney for debtor (related document # 11) Entered on 4/4/2023. (Chambers, Deanna) |

| | |
|---|---|
| 04/26/2023 | 31 (21 pgs; 5 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala (RE: related document(s)24 Chapter 11 Monthly Operating Report UST Form 11-MOR, 27 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit A-1 # 2 Exhibit A-2 # 3 Exhibit A-3 # 4 Exhibit A-4) (Chesnutt, Charles) |
| 04/26/2023 | 32 (14 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala (RE: related document(s)24 Chapter 11 Monthly Operating Report UST Form 11-MOR, 27 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Appendix A-1 # 2 Exhibit A-2) (Chesnutt, Charles) |
| 06/16/2023 | 33 (8 pgs; 2 docs) INCORRECT ENTRY - Incomplete PDF - Advised attorney to refile. Amended Chapter 11 Monthly Operating Report for the Month Ending: 12/31/22 filed by Attorney Charles Chesnutt (RE: related document(s)32 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Appendix) (Chesnutt, Charles) Modified on 6/20/2023 (Dugan, Sue). |
| 06/16/2023 | 34 (7 pgs; 2 docs) INCORRECT ENTRY - Damaged PDF; attorney to file. Amended Chapter 11 Monthly Operating Report for the Month Ending: 01/01/2023 filed by Attorney Charles Chesnutt (RE: related document(s)32 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Appendix) (Chesnutt, Charles) Modified on 6/20/2023 (Dugan, Sue). |
| 06/16/2023 | 35 (2 pgs; 2 docs) INCORRECT ENTRY - Damaged PDF; attorney to refile. Amended Chapter 11 Monthly Operating Report for the Month Ending: 02/28/2023 filed by Attorney Charles Chesnutt (RE: related document(s)32 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Appendix) (Chesnutt, Charles) Modified on 6/20/2023 (Dugan, Sue). |
| 07/07/2023 | 36 (9 pgs; 2 docs) INCORRECT ENTRY: Missing e-signature. Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala. (Attachments: # 1 Appendix) (Chesnutt, Charles) Modified on 7/11/2023 (Almaraz, Jeanette). |
| 07/11/2023 | 37 (1 pg) Clerk's correspondence requesting Corrected Monthly Report for period ending 6/20/2023 from attorney for debtor. (RE: related document(s)36 Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala. (Attachments: # 1 Appendix)) Responses due by 7/18/2023. (Almaraz, Jeanette) |
| 08/24/2023 | 38 (22 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2022 filed by Attorney Charles Chesnutt (RE: related document(s)24 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Chesnutt, Charles) |
| 08/24/2023 | 39 (22 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2023 filed by Attorney Charles Chesnutt (RE: related document(s)31 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Chesnutt, Charles) |
| 08/24/2023 | 40 (22 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: 2/28/2023 filed by Attorney Charles Chesnutt (RE: related document(s)31 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Chesnutt, Charles) Modified on 8/24/2023 (Vasquez, M.). |
| 08/24/2023 | 41 (24 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending:3/31/2023 filed by Attorney Charles Chesnutt (RE: related document(s)32 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Chesnutt, Charles) Modified on 8/24/2023 (Vasquez, M.). |
| 08/24/2023 | 42 (28 pgs; 3 docs) Amended Chapter 11 Monthly Operating Report for the Month Ending: 04/31/2023 filed by Attorney Charles Chesnutt (RE: related document(s)38 Chapter 11 Monthly Operating Report UST Form 11-MOR). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Chesnutt, Charles) |

| | |
|---|---|
| 08/24/2023 | [43](#) (24 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2023 filed by Attorney Charles Chestnutt. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2) (Chesnutt, Charles) |
| 08/24/2023 | [44](#) (22 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2023 filed by Attorney Charles Chestnutt. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2) (Chesnutt, Charles) |
| 10/19/2023 | [45](#) (13 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2023 filed by Debtor Mele L Vaituulala. (Attachments: # [1](#) Appendix Bank Statement # [2](#) Appendix Bank Statement) (Chesnutt, Charles) Modified on 10/19/2023 (Kerr, S.). |
| 10/19/2023 | [46](#) (15 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2023 filed by Debtor Mele L Vaituulala. (Attachments: # [1](#) Appendix Bank Statement # [2](#) Appendix Bank Statement) (Chesnutt, Charles) |
| 11/11/2023 | [47](#) (12 pgs) Chapter 11 Monthly Operating Report for the Month Ending: JULY filed by Debtor Mele L Vaituulala. (Chesnutt, Charles) |
| 11/11/2023 | [48](#) (12 pgs) Amended Chapter 11 Monthly Operating Report for the Month Ending: SEPTEMBER filed by Debtor Mele L Vaituulala (RE: related document(s)[46](#) Chapter 11 Monthly Operating Report UST Form 11-MOR). (Chesnutt, Charles) |
| 11/27/2023 | [49](#) (26 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: filed by Debtor Mele L Vaituulala. (Attachments: # [1](#) Exhibit 1 - October Statement # [2](#) Exhibit 2 - November Statement) (Chesnutt, Charles) |
| 01/03/2024 | [50](#) (8 pgs; 2 docs) Motion to dismiss case *United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)* Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024. (Young, Elizabeth) |
| 01/03/2024 | [51](#) (8 pgs; 2 docs) Motion to convert case to chapter 7.*United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)* Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024. (Young, Elizabeth) |
| 01/04/2024 | [52](#) (22 pgs; 3 docs) Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2023 filed by Debtor Mele L Vaituulala. (Attachments: # [1](#) Exhibit November Bank Statement # [2](#) Exhibit December Bank Statement) (Chesnutt, Charles) |
| 01/06/2024 | [53](#) (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[50](#) Motion to dismiss case *United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)* Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.) No. of Notices: 2. Notice Date 01/06/2024. (Admin.) |
| 01/06/2024 | [54](#) (3 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[51](#) Motion to convert case to chapter 7.*United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)* Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.) No. of Notices: 2. Notice Date 01/06/2024. (Admin.) |
| 02/23/2024 | [55](#) (7 pgs) INCORRECT ENTRY: Should be filed in the adversary. Brief in support filed by Debtor Mele L Vaituulala (RE: related document(s)[28](#) Complaint). (Chesnutt, Charles) Modified on 2/27/2024 (Calfee, Jennifer). |
| 03/11/2024 | [56](#) (2 pgs) Notice of hearing*Notice of Reset Hearings* filed by U.S. Trustee United States Trustee (RE: related document(s)[50](#) Motion to dismiss case *United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)* Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024., [51](#) Motion to convert case to |

| | |
|---|---|
| | Chapter 7 United States Trustee Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.). Hearing to be held on 4/11/2024 at 11:00 AM Ft. Worth, Judge Mullin's Ctrm. for 51 and for 50, (Young, Elizabeth) |
| 03/29/2024 | (private) Flags set: ADVAPL (Almaraz, Jeanette) |
| 04/04/2024 | 57 (126 pgs; 8 docs) Witness and Exhibit List filed by U.S. Trustee United States Trustee (RE: related document(s)50 Motion to dismiss case United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b), 51 Motion to convert case to chapter 7.United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b)). (Attachments: # 1 Exhibit UST-1 # 2 Exhibit UST-2 # 3 Exhibit UST-3 # 4 Exhibit UST-4 # 5 Exhibit UST-5 # 6 Exhibit UST-6 # 7 Exhibit UST-7) (Young, Elizabeth) |
| 04/05/2024 | 58 (6 pgs; 2 docs) Motion to confirm termination or absence of stay Filed by Creditor N and K Properties LLC (Attachments: # 1 Proposed Order) (Norred, Warren) |
| 04/11/2024 | 59 Hearing held on 4/11/2024. (RE: related document(s)50 Motion to dismiss case United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.) ***CONDITIONALLY DENIED - WITHOUT PREJUDICE TO DEBTOR VOLUNTARILY FILING A MOTION TO DISMISS THE CASE IN 30 DAYS - OTHERWISE THE CASE WILL BE CONVERTED TO A CH. 7*** (Almaraz, Jeanette) |
| 04/11/2024 | 60 Hearing held on 4/11/2024. (RE: related document(s)51 Motion to convert case to chapter 7.United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.) ***CONDITIONALLY GRANTED - WITHOUT PREJUDICE TO DEBTOR VOLUNTARILY FILING A MOTION TO DISMISS THE CASE IN 30 DAYS - OTHERWISE THE CASE WILL BE CONVERTED TO A CH. 7*** (Almaraz, Jeanette) |
| 04/11/2024 | 61 (1 pg) Court admitted exhibits date of hearing 4/11/2024 (RE: related document(s)50 Motion to dismiss case United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024., 51 Motion to convert case to chapter 7.United States Trustees Motion to Dismiss, or in the Alternative, Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) Hearing scheduled 3/14/2024 at 11:00 AM at Ft. Worth, Judge Mullin's Ctrm.. Objections due by 1/24/2024.) (Almaraz, Jeanette) |
| 04/15/2024 | 62 (2 pgs) Order mooting motion to dismiss by U.S. Trustee (related document # 50), granting motion to convert case to chapter 7 (related document # 51) Entered on 4/15/2024. (Calfee, Jennifer) |
| 04/15/2024 | 63 (5 pgs; 2 docs) Order granting motion to convert case to chapter 7 (related document 51) mooting motion to dismiss by U.S. Trustee (related document 50), Spicer, John Dee. Entered on 4/15/2024. (Calfee, Jennifer) |
| 04/15/2024 | 64 INCORRECT ENTRY: SEE ECF 63 First Meeting of Creditors with 341(a) meeting to be held on 5/21/2024 at 09:00 AM Objections for Discharge due by 7/22/2024. (Calfee, Jennifer) Modified on 4/15/2024 (Calfee, Jennifer). |
| 04/15/2024 | (private) Flags set-reset. Flag set: PENDAP (Admin) |
| 04/17/2024 | 65 (5 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)63 Order granting motion to convert case to chapter 7 (related document 51) mooting motion to dismiss by U.S. Trustee (related document 50), Spicer, John Dee. Entered on 4/15/2024.) No. of Notices: 5. Notice Date 04/17/2024. (Admin.) |

| | |
|---|---|
| 04/17/2024 | 66 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)63 Order granting motion to convert case to chapter 7 (related document 51) mooting motion to dismiss by U.S. Trustee (related document 50), Spicer, John Dee. Entered on 4/15/2024.) No. of Notices: 3. Notice Date 04/17/2024. (Admin.) |
| 04/17/2024 | 67 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)63 Order granting motion to convert case to chapter 7 (related document 51) mooting motion to dismiss by U.S. Trustee (related document 50), Spicer, John Dee. Entered on 4/15/2024.) No. of Notices: 2. Notice Date 04/17/2024. (Admin.) |
| 04/22/2024 | 68 (1 pg) Notice of deficiency financial management course certificate before discharge. (Admin) |
| 04/25/2024 | 69 (3 pgs) BNC certificate of mailing. (RE: related document(s)68 Notice of deficiency financial management course certificate before discharge. (Admin)) No. of Notices: 1. Notice Date 04/25/2024. (Admin.) |
| 04/29/2024 | 70 (2 pgs) Certificate of no objection filed by Creditor N and K Properties LLC (RE: related document(s)58 Motion to confirm termination or absence of stay ). (Norred, Warren) |
| 04/30/2024 | 71 (2 pgs) Order granting Motion to confirm termination or absence of stay(Related Doc # 58) Entered on 4/30/2024. (Chambers, Deanna) |