IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MELE VAITUULALA, | § |
| | § |
| Appellant, | § |
| | § |
| vs. | § |
| | § |
| N AND K PROPERTIES, LLC, | §   Civil Action No. 4:24-cv-00295-O |
| | § |
| Appellee. | § |

**ORDER**

Before the Court are Appellant Mele Vaituulala's Brief (ECF No. 3); Appellee N and K Properties, LLC's Brief (ECF No. 4); and Appellant's Reply (ECF No. 5). This action is an appeal of an Order from the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. After considering the briefing, record on appeal, and relevant law, the Court **DENIES** the appeal and holds that the Bankruptcy Court's order should be and is hereby **AFFIRMED**.

**I.    JURISDICTION**

This appeal arises from the Bankruptcy Court's March 19, 2024, Order finding and concluding that Appellant conveyed title of her home to AK Builders by deed.[1] This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

---
[1] Notice of Appeal (Findings of Fact & Conclusions of Law) 1–17, ECF No. 1-1.

1

## II.   BACKGROUND

Appellant is an elderly widow who, along with her now deceased husband, were purportedly duped by their son into conveying title to their home ("Stacey Court Home") of 40 years to him.[2] The son paid only ten dollars in consideration for his parents' home and then pledged the home as collateral to obtain a $125,000 business loan from Appellee, N and K Properties, LLC.[3] The son—or rather his business, "AK Builders"—defaulted on the loan.[4] The note contained an acceleration clause that enabled Appellee to acquire the Stacey Court Home upon default.[5]

Appellee, having acquired the Stacey Court Home through foreclosure, entered into a residential lease agreement with the son that allowed the Vaituulalas to remain in the Stacey Court Home temporarily.[6] The Vaituulalas failed to vacate the Stacey Court Home by the termination date, however, and Appellee began eviction proceedings.[7] Mr. Vaituulala, Appellant's husband, passed away within a month of the commencement of eviction proceedings.[8]

To prevent the eviction proceedings from going forward, Appellant filed bankruptcy and adversary proceedings, disputing Appellee's ownership of the Stacey Court Home.[9] Appellant's Complaint alleged the Stacey Court Home is her homestead because (1) she never intended to alienate her homestead rights when she executed the deed to her son's business, AK Builders; and (2) the transfer of the Stacey Court Home to AK Builders was a "pretended sale" and is void under

---

[2] *Id.* at 2–3.
[3] *Id.* at 3–4.
[4] *Id.* at 7.
[5] *Id.*
[6] *Id.* at 7–8.
[7] *Id.* at 9.
[8] *Id.*
[9] *Id.*

2

Texas Constitution Article XVI § 50(c).[10] Consequently, she argued that AK Builders' subsequent transactions with Appellee, including the foreclosure sale of the Stacey Court Home, are void.[11]

The Bankruptcy Court heard testimony from three witnesses: Appellant Mele Vaituulala, her son Alifeleti Vaituulala Jr., and a representative for Appellee Mr. Narinder Bains.[12] After a day of testimony, the Bankruptcy Court concluded that (1) despite Appellant's testimony that she misunderstood the consequences of executing the deed, the Vaituulalas alienated their ownership and homestead rights in the Stacey Court Home as of October 28, 2019, by agreeing to the transaction with AK Builders and executing the deed; and (2) because Appellant failed to establish that she lacked the intent to vest title of the Stacey Court Home in AK Builders, the deed does not constitute a "pretended sale" rendered void by the Texas Constitution.[13] Appellant timely appealed the Bankruptcy Court's decision, and it is ripe for the Court's review.

### III.   ISSUE ON APPEAL

Appellant presents one issue on appeal: Did the Bankruptcy Court err by finding that Mele Vaituulala failed to demonstrate that she was unaware of the transfer of her homestead?[14]

### IV.   STANDARD OF REVIEW

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*,

---

[10] *Id.* at 9–10.
[11] *Id.* at 10.
[12] *Id.* at 8–9.
[13] *Id.* at 13, 15. The Bankruptcy Court also concluded, in the alternative, that Appellant abandoned her homestead rights when she moved to Hawaii to live with her daughter with no intent of returning to the Stacey Court Home. *Id.* at 13.
[14] Appellant's Br. 2, ECF No. 3.

960 F.2d 481, 483 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.* In reviewing the facts, the Court must give due regard to the opportunity of the bankruptcy judge to assess the credibility of the witnesses. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). Ultimately, the bankruptcy court has "great latitude" when conducting a bench trial. *See In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992) (citing *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 392 (5th Cir. 1985)).

## V.   ANALYSIS

Appellant argues that she did not understand she was signing a document (*i.e.*, the deed) that had the effect of transferring her homestead.[15] She advances two theories to support invalidating the transfer on this ground.[16] First, Appellant contends that Appellee had the burden of proof to show that Appellant's homestead rights were terminated when Appellant signed the deed, and Appellee did not satisfy its burden.[17] Second, Appellant argues that because "there [was] no contradiction of [Appellant's] ignorance," then it was a pretended sale.[18] For the reasons given below, the Court **AFFIRMS** the findings and conclusions of the Bankruptcy Court.

Appellant's first argument is that Appellee did not meet its burden of proof to show that Appellant terminated her homestead rights when she signed the deed.[19] "Once the claimant has made a *prima facie* case in favor of homestead status, the objecting party has the burden of

---

[15] *Id.*
[16] Appellant also challenges the Bankruptcy Court's conclusion that Appellant abandoned her homestead rights. *See id.* at 6–7. Because this finding is not relevant to the sole issue Appellant presents on appeal, the Court does not reach the Bankruptcy Court's discussion of abandonment.
[17] *Id.* at 4–5.
[18] *See id.* at 6.
[19] *Id.* at 5.

demonstrating that the homestead rights have been terminated." *In re Perry*, 345 F.3d 303, 311 (5th Cir. 2003). "Under Texas's generous homestead law, homestead rights may be lost only through death, abandonment or alienation." *Id.* at 310. "Homestead status may be lost through alienation when the title to the property is transferred or conveyed to another, regardless of whether the grantor retains possession of the property." *Id.* at 310 n.8.

"To this end," Appellant argues, "[Appellee] has done nothing more than to argue that his paperwork was effective."[20] And, without citing to any legal proposition, Appellant states, "[Appellee] has not shown that [Appellant] knew that she was actually passing title, . . . [or had] understanding of the consequences of her signature."[21] Appellee responds by noting that Appellant's argument sounds in contractual, mistake-of-fact defenses, and that these defenses are inapplicable under the facts.[22]

After surveying the relevant law, the Court concludes it was Appellant's burden to show that she lacked intent to transfer title—not Appellee's. "Evidence that a deed has been signed, delivered, and recorded gives rise to a presumption that the grantor intended the deed to become operative as a conveyance." *Paull & Partners Invs., LLC v. Berry*, 558 S.W.3d 802, 811 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "This presumption may be overcome by showing, for example, that the grantor had no intention of divesting himself of title." *Id.*

Thus, to the extent that Appellee showed "his paperwork was effective,"[23] *i.e.*, that the deed was signed, delivered, and recorded, it was incumbent upon Appellant to show that she "had no intention of divesting [her]self of title." *Id.* Appellant's contention that "[Appellee] has not shown

---

[20] *Id.* at 5.
[21] *Id.*
[22] Appellee's Br. 10–11, ECF No. 4.
[23] Appellant's Br. 5, ECF No. 3.

that [Appellant] knew that she was actually passing title" is therefore unpersuasive.[24] Even if Appellant were relying on a mistake-of-fact defense to contract formation—and it is not clear she is because she cites no such law—the burden would still be hers to show that she was mistaken as to a material fact. *See Zapatero v. Canales*, 730 S.W.2d 111, 114 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) ("The burden is on the party seeking rescission and cancellation to establish all of these elements.").

Ultimately, the Bankruptcy Court decided that the Vaituulalas intended to convey the transfer, and this Court does not disturb that finding.[25] "[E]vidence of an intent to vest title in the purchaser" is a "question . . . to be decided by the trier of fact." *Berry*, 558 S.W.3d at 812. "In such cases, the grantor's intent is a question of fact determined by examining all the facts and circumstances preceding, attending, and following execution of the deed." *Id.* at 811. In this case, the Bankruptcy Court's assessment of the evidence was as follows:

> Under the clear and unambiguous terms of the Deed with Vendor's Lien, title to the Stacey Court Home vested in AK Builders as of October 28, 2019. Debtor's testimony that she did not understand the consequences of her voluntary decision to execute the Deed with Vendor's Lien is unavailing.[26]

As suggested by this excerpt, the plain terms of the deed transferring title to AK Builders enabled the Bankruptcy Court to presume that the grantors (both Mr. and Mrs. Vaituulala) intended the deed to become operative as a conveyance.[27] And the Bankruptcy Court found that Appellant's misunderstanding of the consequences did not make her decision to execute the deed involuntary. Indeed, the Bankruptcy Court later explained:

---

[24] *Id.*
[25] Notice of Appeal (Findings of Fact & Conclusions of Law) 14–15, ECF No. 1-1.
[26] *Id.* at 13.
[27] The Bankruptcy Court also found that the deed was signed and recorded. *See id.* at 4–5; *see also* Additional Attachments (Mele Vaituulala Dep.) 3:21–23, App. 99, ECF No. 2-2.

6

>Although Debtor testified that she did not understand the consequences resulting from her execution of the Deed with Vendors Lien, the Court finds that Debtor's testimony alone is insufficient to overcome the overwhelming evidence that suggests the Vaituulalas intended to comply with Al, Jr.'s request by conveying the Stacey Court Home to AK Builders. Additionally, the overwhelming evidence established that (i) the Vaituulalas knew the conveyance of the Stacey Court Home to AK Builders was being made so Al, Jr.'s business could obtain a loan from Defendant; (ii) a title commitment was being issued by Chicago Title Insurance Company that AK Builders was the fee simple owner of the Stacey Court Home under the Deed with Vendor's Lien; and (iii) the Vaituulalas voluntarily assigned the Vendor's Lien retained in the Deed with Vendor's Lien to Defendant.[28]

Appellant cites no law (whether to show duress, mistake of fact, etc.) suggesting that her misunderstanding of the consequences would negate the voluntariness of the transfer. Nor does she explain why, if both she *and* her husband signed the deed—and her husband encouraged her to sign the deed—the transfer would be void solely because she misunderstood the effects.[29] Appellant's argument amounts to a disagreement over the import the Bankruptcy Court gave to Appellant's state of mind, *i.e.*, how the Bankruptcy Court weighed the evidence. Appellant provides no legal basis for the Court to "weigh the evidence anew," and thus the Court declines to do so. *In re Perry*, 345 F.3d at 309.

Appellant's second argument that there was a pretended sale is unfounded.[30] "[T]o show a pretended sale . . . prohibited by the Constitution, there must be proof that: (1) the seller did not intend title to vest in the purchaser; and (2) the transfer involves a condition allowing the seller to reclaim title to the property after the loan is repaid." *Berry*, 558 S.W.3d at 810. The Bankruptcy Court concluded that "[b]ased on the credible evidence in the record, . . . Debtor failed to establish

---

[28] Notice of Appeal (Findings of Fact & Conclusions of Law) 14–15, ECF No. 1-1.
[29] *See id.* ("Based on the credible evidence and specifically the testimony of Debtor, the Court finds that Debtor had very limited or no understanding of the consequences resulting from her execution of the Deed with Vendor's Lien—*she was simply complying with the instructions from Husband* and Al, Jr." (emphasis added)).
[30] Appellant's Br. 6, ECF No. 3.

7

either element of a 'pretended sale.'"[31] The Bankruptcy Court's reasoning as to the first element was provided above,[32] and for the same reasons given above, the Court concludes that the Bankruptcy Court did not err in finding that the Vaituulalas intended to vest title.[33] *See In re Perry*, 345 F.3d at 309 ("The bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of the evidence to deference by . . . the district court.").

## VI.  CONCLUSION

In sum, the Court **AFFIRMS** the Bankruptcy Court's finding that Appellant intended to convey her home to her son by executing the deed at the request of her husband and son, which resulted in the termination of her homestead rights. Plaintiff's appeal is **DENIED**, and the Bankruptcy Court's ruling and judgment are hereby **AFFIRMED**.

**SO ORDERED** on this **24th day** of **January, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[31] Notice of Appeal (Findings of Fact & Conclusions of Law) 14, ECF No. 1-1.
[32] *Supra* note 28.
[33] Appellant also challenges the Bankruptcy Court's conclusion that Appellant failed to satisfy the second element of a pretended sale. *See* Appellee's Br. 14–15, ECF No. 4. Because this conclusion is not relevant to the sole issue Appellant presents on appeal, the Court does not reach it.